UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FIRST NBC BANK | CIVIL ACTION |
| VERSUS | NO. 17-6652 |
| LEVY GARDENS PARTNERS 2007, LP | SECTION: "G"(2) |

## ORDER

Pending before the Court is the Federal Deposit Insurance Corporation's (the "FDIC-R"), acting as receiver for First NBC Bank, Motion to Stay Action Pending Exhaustion of Administrative Remedies.[1] The FDIC-R moves the Court to stay the present action for 180 days, pending parties' exhaustion of their administrative remedies as set forth in section 1821 of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), or, in the alternative, for a stay of 90 days as provided for by the statute.[2]

Having considered the motion, the memorandum in support, the memorandum in response, the memorandum in reply, and the applicable law, the Court will grant a stay of this case for a period of 180 days and administratively close it until that time.

## I. Background

On March 14, 2017, First NBC Bank of New Orleans, LA ("First NBC") brought a foreclosure action by executory process against Levy Gardens Partners 2007, LP, ("Levy Gardens") in Civil District Court for the Parish of Orleans, State of Louisiana.[3]

---

[1] Rec. Doc. 13.
[2] *Id.*
[3] *See* Rec. Doc. 1-2; *see also* Rec. Doc. 13-1 at 1.

On April 28, 2017, First NBC was closed by the Louisiana Office of Financial Institutions, and the FDIC-R was named receiver.[4]

On July 11, 2017, the FDIC-R filed a Motion for Substitution of Parties in the state action, as the FDIC-R notified parties that it succeeded to all rights, titles, powers, and privileges of First NBC.[5] Moreover, on July 11, 2017, the FDIC-R filed a Notice of Removal, removing the state action to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441.[6]

On July 21, 2017, the FDIC-R filed the instant Motion to Stay Action Pending Exhaustion of Administrative Remedies, along with an accompanying memorandum.[7] On July 31, 2017, Levy Gardens filed a response.[8] On August 9, 2017, FDIC-R filed a reply memorandum to Levy Gardens' response.[9]

## II. Parties' Arguments

### A. *FDIC-R's Memorandum in Support of its Motion to Stay Action*

In support of the motion to stay, the FDIC-R asserts that it is entitled to a stay as the receiver of a failed institution pursuant to FIRREA.[10] According to the FDIC-R, FIRREA "establishes a claim administration and review procedure by which all claims asserted against the assets of the failed institution must be submitted to the FDIC-R for a determination of whether they will be allowed or disallowed in the FDIC's discretion."[11] The FDIC-R further avers that other courts and Congress have accepted FIRREA's meaning as providing an "explicit mandate for exhaustion of administrative remedies."[12]

---

[4] Rec. Doc. 13-1 at 1.
[5] *See* Rec. Doc. 1-4; *see also* Rec. Doc. 13-1 at 2.
[6] Rec. Doc. 1; *see also* Rec. Doc. 13-1 at 2.
[7] Rec. Doc. 13; Rec. Doc. 13-1.
[8] Rec. Doc. 16.
[9] Rec. Doc. 28.
[10] Rec. Doc. 13-1 at 2.
[11] *Id.*
[12] *Id.*

The FDIC-R asserts that the requirement for the exhaustion of the administrative claims process applies to the present suit, since Levy Gardens has brought claims against First NBC.[13] Moreover, according to FDIC-R, FIRREA provides an administrative process whereby "creditors have 90 days to present their claims against the assets of the failed institution upon receiving notice from the FDIC."[14] Then, the FDIC-R asserts, the FDIC has 180 days to consider the claim.[15]

Moreover, according to FDIC-R, 12 U.S.C. § 1821(d)(12)(A) allows the FDIC-R to request a stay after it has been appointed receiver for a failed depositary institution, and "courts are required to grant the FDIC-R's requested stay."[16]

Thus, the FDIC-R avers, it is "entitled to a mandatory stay of this action for a period of 90 days."[17] The FDIC-R continues to assert that the administrative claims process, which it argues must be exhausted, will likely not be completed at the end of 90 days, so it requests a 180 day stay "to allow the claims process to conclude."

### B. *Levy Gardens' Response to the Motion to Stay*

Levy Gardens first states that it "has no objection to the 180 days requested as to claims *against* FDIC-R," but it "questions whether the FDIC request can result in a stay of its third-party demand."[18]

Levy Gardens then asserts that the court should convert the ongoing executory process to ordinary process because the stay is allegedly incongruent with the strict requirements of executory process.[19] According to Levy Gardens, executory process is unavailable under the Federal Rules

---

[13] *Id.*
[14] *Id.* (citing 12 U.S.C. § 1821(d)(3)(B)(i).
[15] *Id.* (citing 12 U.S.C. § 1821(d)(5)(A)(i).
[16] *Id.*
[17] *Id.* at 4.
[18] Rec. Doc. 16 at 1.
[19] *Id.* at 2

of Civil Procedure.[20] Arguing for the conversion to ordinary process, Levy Gardens then asserts that the FDIC-R action can be "bifurcated from the third-party demand and neither matter suffer from delay."[21]

Finally, Levy Gardens avers that "the third-party demand seeking the enforcement of the Lender's Policy" is properly before the court pursuant to ancillary jurisdiction, since the FDIC-R has claimed jurisdiction in this court.[22] Thus, Levy Gardens concludes that "[t]he FDIC Motion should be granted so long as it does not impede the progress of the third-party demand."[23]

### C. *Reply Memorandum by FDIC-R to Levy Gardens' Response*

In reply, the FDIC-R first asserts that an "intervention" filed by Levy Gardens prior to removal "has absolutely nothing to do with the primary demand which was filed as an executory process foreclosure action to seize real estate collateral securing a defaulted note."[24] The Court assumes that the FDIC-R's reference to an "intervention" refers to Levy Gardens' third-party demand, as, throughout the reply, it is directly responding to Levy Gardens' arguments regarding the third-party demand using the term "intervention." However, the FDIC-R avers, FIRREA is "clear and unequivocal" that "the stay applies to all parties."[25] FDIC-R contends that litigating the matters outside the instant primary demand "should not occur anyway because of the stay."[26]

Additionally, according to the FDIC-R, conversion to an ordinary action in the present matter would be "improper."[27] The FDIC-R asserts that a creditor must consent to such a conversion, and it has not given its consent.[28] Moreover, FDIC-R avers, Federal Rule of Civil

---

[20] *Id.*
[21] *Id.* at 3.
[22] *Id.*
[23] *Id.* at 4.
[24] Rec. Dec. 28 at 1.
[25] *Id.* at 2.
[26] *Id.*
[27] *Id.*
[28] *Id.*

4

Procedure 69(a)(1) allows for executory process in federal court, since it states that the procedure of execution of a judgment must accord with the procedure of the state where the court is located.[29] The FDIC-R further argues that "such conversion affords no remedy against a stay," and Levy Gardens has no basis for the argument that the stay should only be partial in effect to allow its third-party demand to proceed.

Finally, FDIC-R states that "the argument as to ancillary jurisdiction, even if it exists in this case, affords no support to have the "intervention" excluded from a stay."[30]

### III. Law and Analysis

*A. Legal Standard*

12 U.S.C. § 1821(d)(12)(A) provides:

> After the appointment of a conservator or receiver for an insured depository institution, the conservator or receiver may request a stay for a period not to exceed . . . 90 days, in the case of any receiver, in any judicial action or proceeding to which such institution is or becomes a party.

12 U.S.C. § 1821(d)(12)(B) further provides that "the court shall grant such stay as to all parties."

Moreover, a district court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[31] This authority includes the district court's wide discretion to grant a stay in a pending matter.[32]

Finally, no part of FIRREA prohibits the Court from discretionarily granting a stay in excess of 90 days. Indeed, "[a] number of courts have held that litigation may be stayed during such portion of the receiver's 180-day period as remains at the time of the application for stay."[33]

---

[29] *Id.*
[30] *Id.*
[31] *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).
[32] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).
[33] 11 Am. Jur. 2d *Banks and Financial Institutions* § 1097 (2017).

### B. Analysis

12 U.S.C. § 1821(d)(12)(A) entitles the receiver for an insured depository institution to request a stay of up to 90 days, and Section 1821(d)(12)(B) requires that the court grant such a stay.

Here, the FDIC-R has been acting as the receiver for First NBC, an insured depository institution, after it was closed by the Louisiana Office of Financial Institutions. As such, the FDIC-R is entitled to a stay of 90 days.

However, the FDIC-R has requested a stay of 180 days in order to exhaust the administrative review process pursuant to FIRREA.[34] The Fifth Circuit has stated, "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery."[35] Moreover, FIRREA does not prohibit a stay longer than 90 days.

In this case, the FDIC-R has requested a stay of 180 days because it asserts that the administrative claims process is unlikely to be completed at the end of 90 days.[36] In its response, Levy Gardens does not object to the request for a 180-day stay of the primary demand, and it does not argue that FDIC-R's requested stay should be limited to 90 days.[37] Thus, the Court determines that the stay will be for a period of 180 days from the date of the request for stay.

Instead, Levy Gardens argues that the stay should not apply to its third-party demand, which it alleges "can be bifurcated" from the primary demand.[38] Levy Gardens further argues that the action should be converted to ordinary process from executory process.[39] In its reply, the FDIC-

---

[34] Rec. Doc. 13.
[35] *In re Ramu*, 903 F.2d at 318 (citing *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1320 (5th Cir. 1989)).
[36] Rec. Doc. 13-1 at 4.
[37] Rec. Doc. 16 at 1.
[38] *Id.*
[39] *Id.*

R argues that Section 1821 applies to "all parties," so the stay applies to the third-party demand as well.

Indeed, 12 U.S.C. § 1821(d)(12)(B) states that "the court shall grant such stay as to *all parties*." Here, although the primary demand and third-party demand are separate claims, the parties in the third-party demand are still parties in this action. Moreover, Levy Gardens provides no authority that supports the separation of a primary demand from a third-party demand for the purpose of defining parties or in the case of a mandatory stay. As a result, the statute requires that the stay apply to the parties of the third-party demand.

Accordingly, the Court will stay and administratively close the entire matter for 180 days from the date of the request for stay. Due to the entire action being stayed and administratively closed for 180 days from the date of the request for stay, it is unnecessary for the court to determine the motion to convert to ordinary process at this time.

## IV. Conclusion

In order to allow compliance with the mandatory review process under FIRREA, the Court, in its discretion, will grant a stay of this case for a period of 180 days from the date of the request for stay and administratively close it until that time. Accordingly,

**IT IS HEREBY ORDERED** that Federal Deposit Insurance Corporation's Motion to Stay Action Pending Exhaustion of Administrative Remedies[40] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED** and **ADMINISTRATIVELY CLOSED** for a period of 180 days from the date of the request for stay. The Clerk of Court shall mark this action closed for statistical purposes. The Court shall retain jurisdiction and the case

---

[40] Rec. Doc. 13.

shall be restored to the trial docket upon motion of a party at the expiration of 180 days from the date of the request for stay.

**NEW ORLEANS, LOUISIANA**, this  5th  day of October, 2017.

                                         **NANNETTE JOLIVETTE BROWN**
                                         **UNITED STATES DISTRICT JUDGE**