**Law Office**
HENRY L. KLEIN
**ATTORNEY AND COUNSELOR AT LAW**
844 Baronne Street
NEW ORLEANS, LOUISIANA  70113-1103

**Telephone: (504) 301-3027**                          **Telecopier: (504) 301-3171**

henryklein44@gmail.com

James Eric Lockridge
KEEN MILLER LLP
II City Plaza
400 Convention Street, Suite 700
Baton Rouge, LA 70802

Dear Eric:

You have asked me to write a letter expressing (i) why the Girod loans purchased from FDIC are unenforceable, (ii) why we are entitled to enforce the right of litigious redemption and (iii) why we are entitled to a credit for the payment of the HP South loan. Notwithstanding that my communications to you and David and my pleadings answer these questions, I will explain (again).

On October 21, 2017, I filed a **Motion for Declaratory Relief Enforcing the Right of Litigious Redemption, Applying the *Ex Turpi Causa* Doctrine with Reservation of Rights for Supplemental Relief**, Exhibit A. That pleading, at ¶¶ 4-7, set forth why all 9 loans were unenforceable, a defense raised *BEFORE* Girod LoanCo purchased the 9-loan package, making it a purchase of *litigious* rights.   At ¶¶ 8-10, we expanded on the reasons why the paper was toxic when purchased.   At ¶¶ 11-12, we stated a *specific* claim pursuant to Louisiana Civil Code Article 2652.   At the time, Girod was conducting its due diligence and *will* be held with actual or constructive knowledge of the defaults and manifest corruption at First NBC Bank, meaning that Girod will *never* be a "...holder in due course..."

On February 2, 2018, I filed a **Request for Authority to Present a Freedom of Information Act Request to the FDIC**, Exhibit B.  At ¶ 4-5, we again made mention of our rights of litigious redemption and specifically stated that "...On a date unknown and on terms unknown, the FDIC has sold the loans to a third party, which has refused to provide any significant documentation regarding loan history and/or the sale of the loans."

PLAINTIFF'S EXHIBIT

Eric Lockridge                                                                              page 2

On May 5, 2018, I filed a **Motion for an Expedited Hearing on the Succession's Prior Requests for Declaratory Judgment Naming Capital Crossing Servicing Company, Inc., Girod LoanCo, LLC. and Charles Schwab & Company, Inc. as Parties Claiming an Interest Pursuant to LCCP Article 1880**, Exhibit C.   In that pleading, at ¶¶ 4-10, we again raised the right of litigious redemption and the fact that the loans were unenforceable .   A Rule to Show Cause was hand-delivered to David Halpern but he said he did not have authority to accept service and I had to continue the matter without date.

On August 2, 2018, I filed a **Response to Schwab Concursus and an Incorporated Motion to Strike the Girod LoanCo Claim**, Exhibit D.   At ¶¶ 5-9, substantial reasons were articulated why Girod was estopped from making the claim as to the Schwab account.   At ¶¶ 10-19 we set forth the compelling reasons why further corruption at the bank cast further doubt on the Schwab account.   We again accused Girod of impairing our litigious rights by refusing to disclose the price it paid for the Heisler loans.   Novation was also pled, as to which Girod has no defense.

On August 22, 2018, I filed a **Motion to Compel Production of the Original Notes and Evidence of the Price Paid for the Heisler Debt**, Exhibit E.   We again asked for the price Girod paid, an issue that speaks to the right of litigious redemption.

### FAILURE TO PRODUCE

Your requests for an explanation of our position are disturbing.   Girod has a death-grip on Regina Heisler's life and has exhibited callous disregard for what this debacle has done to the Heisler family.    I am sending you a copy of my most recent Request for Production and hereby list what you have FAILED TO PRODUCE.    I count yesterday's unpleasant conversation as a Rule 10.1 conference and this is a confirmation of what you have again said you would not produce, to-wit:

1.   Copies of all documents Girod reviewed in connection with its due diligence before it bought the 9-loan package.   This is a "...holder-in-due-course..." issue at a minimum.

Eric Lockridge                                                                    page 3

2.       Copies of all documents evidencing the purchase of the 9-loan
         package.  We don't even know whether Girod or Capital were
         the real buyers and still don't know if Girod had a Louisiana
         member which spoiled diversity.  The price Girod paid has been
         a relevant issue from the beginning of this odyssey.

3.       Copies of all files Girod has from the beginning of its
         contemplation of purchasing the 9-loan package.

### ONCE A PACKAGE, ALWAYS A PACKAGE

At this point, please allow me to dissuade you from a misconception you apparently hold close.  Girod purchased all 9 loans as a package.   Your strategy to bifurcate the Schwab account from the rest will *never* work.  The loans were cross-collateralized and guaranteed by all debtors, including me.  Girod didn't buy nine loans, it bought one package. You will never persuade Judge Julien to give Girod $ 2.1 million and send the Heisler family to the streets.  More complex, the payoff of the HP South loan has to be credited to the other loans *in pari passu*.  Please do not sell this concept short.   In the absence of a resolution very soon, I will file a motion in CDC to consolidate all of the loans and then a motion for summary judgment to declare Girod's entire package unenforceable.

### *EX TURPI CAUSA*

Forgive me for getting repetitive, but please do not sell *this* concept short.  In these days of disrespect for the rule of law, it will not be a reach to argue to a court of competent jurisdiction that "...*from a dishonorable cause, no action can arise*..."  Courts of law are ill-inclined to help a party which  —  for a bargain  —  steps into the shoes of a tort-feasor like the bank *a qua.*   Read *The Rights of Parties to Illegal Transactions*.  If I am able to win that point, all the toxic loans Girod possesses may turn to dust.  As for Dayna Heisler and myself, we are cooperating and will continue to cooperate with DOJ, FBI and FDIC in what they say is one of the biggest heists of all time.  That is *not* a comment addressed to you or to Girod, just a prediction that the people who bloated the Heisler loans beyond recognition should soon face indictments.

Eric Lockridge                                                                                    page 4

## NOVATIONS

As I explained, new notes which replaced old notes that were not marked **"PAID"** and returned to Regina Heisler are unenforceable.   For example, Loan 6399 (the Schwab account loan) was executed on February 27, 2015.   It paid off Loans 6322 and 2803, but those two notes were *never* returned to Regina Heisler marked **"PAID"**.   She received no money and the old notes are somewhere in commercial limbo.   The note Girod relies-upon for the money in concursus is underforceable: a novation without consideration.

As for Loan 4592, that loan paid off Loans 2826 and 4383, but those two old notes were *never* returned to Regina Heisler marked **"PAID"**.   She received no money and the old notes are somewhere in commercial limbo.   As for loan 3897, that loan paid off Loan 6298, but that old note was *never* returned to Regina Heisler marked **"PAID"**.   She received no money and the old note is somewhere in commercial limbo.   This is not a meaningless observation.   Those notes may appear again in a black market of entities which buy near-worthless debt and use it to hound innocents.   It happens.   As for Loan 7008, that money was used by the bank to hide non-performing loans and perpetrate further fraud.   Regina Heisler never saw a penny.

## HYPOTHESIS

Big Picture:  if Girod paid, say $3 million for the nine-loan package, and has already recovered, say $4 million on HP South, it  would be a $1 million winner already.   That should be enough.   I made a very generous offer and you laughed.   Girod is a cold-blooded new-born fiction from Boston against a 76-year-old widow with no business acumen and very few years left.   Please dismiss your claims.   Girod does not need more money.

With kind regards, I remain

Very truly yours,

Henry L. Klein

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2007-3249

DIVISION N

THE SUCCESSION OF FREDERICK P. HEISLER

***************************

SUCCESSION OF FREDERICK P. HEISLER
REGINA B. HEISLER
and
LEVY GARDENS PARTNERS 2007 LP

versus

MARY BETH VERDIGETS, CHIEF FINANCIAL OFFICER
and/or
ALL OFFICERS AND DIRECTORS OF FIRST NBC BANK
and/or
FIRST NBC BANK HOLDING COMPANY
and/or
THE "ABC" D & O INSURANCE COMPANY
and/or
ANY PURCHASERS OF LOANS and/or COLLATERAL FROM FDIC
AS RECEIVER FOR FIRST NBC BANK

FILED: _____

_____
Deputy Clerk

### MOTION FOR DECLARATORY RELIEF
### ENFORCING THE RIGHT OF LITIGIOUS REDEMPTION
### APPLYING THE *EX TURPI CAUSA* DOCTRINE
### WITH RESERVATION
### OF RIGHTS FOR SUPPLEMENTAL RELIEF

The Succession of Frederick P. Heisler, on its own behalf and on behalf of

Regina Heisler and Levy Gardens Partners 2007, LP, ("the Heisler Interests"),

through undersigned counsel, with respect represents:

### THE COLLAPSE AND CLOSURE OF FIRST NBC BANK

1.     On April 28, 2017, the Louisiana Office of Financial Institutions

closed the First NBC Bank for engaging in a pattern of unsafe and unsound

banking practices which included the manipulation of the books and records of

the bank in order to hide the epic level of delinquent non-performing loans.

2.     The FDIC was immediately appointed Receiver and was substituted

in the place and stead of the Louisiana Office of Financial Institutions.

3.     The FDIC thereupon commenced the liquidation of First NBC

Bank's assets, including certain loans wherein the Heisler Interests were

makers, endorsers and/or guarantors.

1

## UNENFORCEABLE LOANS

4.    Included in the portfolio of loans the FDIC was liquidating were at least the following loans as to which the FDIC, as receiver of First NBC Bank, made demand for payment on June 21, 2017:

| Debtor | Loan Number | Balance claimed |
|---|---|---|
| HP SOUTH | 1000007496 | $ 3,382,055 |
| LGP 2007 | 1000013304 | $   194,616 |
| SUCCESSION | 0100022434 | $ 1,858,750 |
| SUCCESSION | 1000066764 | $   901,485 |
| SUCCESSION | 1000114592 | $   205,599 |
| SUCCESSION | 1000125119 | $    99,252 |
| RPH | 1000086399 | $ 2,107,124 |
| SUCCESSION | 1000133897 | $   128,573 |
| SUCCESSION | 1000157008 | $   299,776 |

5.    The Heisler Interests aver that the above balances claimed were the result of monies never loaned to the Heisler Interests, but used to hide a high level of delinquencies having nothing to do with the Heisler Interests.

6.    The Heisler Interests aver that the above loans are not enforceable due to the type of unsound and unsafe banking practices which resulted in the eventual closing of First NBC Bank on April 28, 2017 and because the Heisler Interests did not receive anything of value.

7.    The Heisler Interests ask that judgment be rendered so declaring, pursuant to the provisions of Louisiana Code of Civil Procedure Articles 1871, et seq., and thereafter such supplemental relief as may be due and proper pursuant to Louisiana Code of Civil Procedure Article 1878.

### *EX TURPI CAUSA*

8.    The Heisler Interests further aver that the First NBC Bank was involved in illegal transactions during the period of time the loans identified in paragraph 3 hereof were being charged improper principal and interest and that the bank can enjoy or receive no rights as a consequence of its illegal activities.

9.    The Heisler Interests aver that the *Ex Turpi Causa* doctrine applies, to wit: *ex turpi causa non oritur actio*, meaning that "...from a dishonorable cause no cause of action can arise..."

2

10.   Neither the FDIC nor any party deriving any alleged rights from the loans identified herein can bring or enforce any cause of action, see The Rights of Parties to Illegal Transactions, The Federation Press, 1991, Chapter 3: *The Ambit of the Ex Turpi Causa Principle*.

## SALE AND REDEMPTION OF LITIGIOUS RIGHTS

11.   Additionally, the Heisler Interests aver that if the FDIC, as Receiver of First NBC Bank, should sell or assign any of the Heisler Loans and/or collateral to a third party purchaser, such transactions will constitute the Sale of Litigious Rights as set forth by Article 2652 of the Louisiana Civil Code, *viz*:

> **Article 2652.   Sale of litigious rights**
>
> When a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the date of the assignment.
>
> A right is litigious, for that purpose, when it is contested in a suit already filed.

12.   This litigation provides the element of contestation and all properties in which the Heisler Interests have any ownership, if sold to a third party, are subject to litigious redemption.

## DAMAGES DUE BY OFFICERS AND DIRECTORS

13.   The Heisler Interests aver that during the time the loans identified herein were being improperly charged principal and interest that was part and parcel of the pattern of unsafe and unsound practices at the First NBC Bank, Defendant Mary Beth Verdigets was the Chief Financial Officer of the Bank and the Bank Holding Company, and together with all other Officers and Directors, failed to identify unlawful, unsafe and unsound banking practices, and failed to take any action to protect customers and borrowers of the Bank, making her and all other Officers and Directors liable in damages to the Heisler Interests.

14.   The Heisler Interests aver that at all pertinent times, the "ABC" Insurance Company issued a policy of liability insurance indemnifying all Officers and Directors against the liability resulting from the actions and inactions referenced herein.

WHEREFORE, The Succession of Frederick P. Heisler, Regina B. Heisler and Levy Gardens Partners 2007, LP, pray that this Petition be filed, and that Mary Beth Verdigets, Chief Financial Officer, and in due course, All Officers and

3

Directors of First NBC Bank and of First NBC Bank Holding Company, and their respective Director and Officer Liability Carriers be cited to appear and answer, and that after all due proceedings had, theat there be judgment rendered in favor of the Heisler Interests, declaring all loans unenforceable and for recognition of the Heisler Interests' Rights of Litigious Redemption, and for such damages as may be shown upon a trial of this matter; and for attorneys fees and costs and all other legal and equitable relief that may be rendered.

Respectfully submitted,

Henry L. Klein (7440)
844 Baronne Street
New Orleans, LA 70113
504-301-3027
henryklein44@gmail.com

4

cqw 2/2/18

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
FILED

STATE OF LOUISIANA

2018 FEB -2 A 11: 26

NO. 07-3249

DIVISION "N"
CIVIL
DISTRICT COURT

SUCCESSION

OF

FREDERICK P. HEISLER

FILED: _____       _____

DEPUTY CLERK

## REQUEST FOR AUTHORITY TO PRESENT A FREEDOM OF INFORMATION ACT REQUEST FROM THE FEDERAL DEPOSIT INSURANCE CORPORATION

The Succession of Frederick P. Heisler ("the Succession"), through its duly-appointed executrix, Regina B. Heisler, hereby requests authority to file a Freedom of Information Act ("FOIA") request to the Federal Deposit Insurance Corporation ("FDIC") for the following reasons:

1.     On April 28, 2017, state and federal regulators closed First NBC Bank ("the Bank") for engaging in a pattern of manipulating the books and records of the Bank in order to conceal an epic level of non-conforming loans.

2.     In early May, 2018, the Succession met with the FDIC in order to determine the extent to which the manipulation of books and records had caused Succession loans then-pending had been victimized by the fraud which caused regulators to close the Bank.

3.     Although the Succession made it clear to the FDIC that "...time was of the essence...", the FDIC *never* provided the Succession with information supporting demands for payment made on June 21, 2017 as to accounts 100022434, 1000066764, 1000114592, 1000125119, 1000086399, 1000133897 and 1000157008.

4.     On October 20, 2017, the Succession filed a Motion for Declaratory Relief pursuant to LCCP Article 1871, seeking a ruling that the seven loans identified in ¶ 3 above are *not* enforceable due to fraud and are subject to the Right of Litigious Redemption pursuant to LCC Article 2652.

5.     On a date unknown and on terms unknown, the FDIC has sold the loans to a third party, which has refused to provide any significant documentation regarding loan history and/or the sale of the loans.

PLAINTIFF'S EXHIBIT
13
VERIFIED

6.    The Succession has made a Freedom of Information request directly with the FDIC, which needs evidence of the Succession representative's authority to proceed.

Respectfully submitted,

Henry L. Klein (#7440)
844 Baronne Street
New Orleans, LA 70113
(504) 301-3027
henryklein44@gmail.com

## O R D E R

Considering the foregoing,

IT IS ORDERED, ADJUDGED AND DECREED that Regina Heisler, the duly-appointed Executrix of the Succession of Frederick P. Heisler, be and she is hereby authorized to communicate to the Federal Deposit Insurance Corporation as may be appropriate, pursuant to the Freedom of Information Act or other applicable transparency laws and regulations.

New Orleans, Louisiana, this 2nd day of February, 2018.

_____
Civil District Court Judge, Division N

2

VERIFIED

6.    The Succession has made a Freedom of Information request directly with the FDIC, which needs evidence of the Succession representative's authority to proceed.

Respectfully submitted,

Henry L. Klein (#7440)
844 Baronne Street
New Orleans, LA 70113
(504) 301-3027
henryklein44@gmail.com

### O R D E R

Considering the foregoing,

IT IS ORDERED, ADJUDGED AND DECREED that Regina Heisler, the duly-appointed Executrix of the Succession of Frederick P. Heisler, be and she is hereby authorized to communicate to the Federal Deposit Insurance Corporation as may be appropriate, pursuant to the Freedom of Information Act or other applicable transparency laws and regulations.

New Orleans, Louisiana, this 5th day of February, 2018.

Civil District Court Judge, Division N
ETHEL SIMMS JULIEN
JUDGE
Division "N"

RECEIVED
FEB 0 2018
DIVISION "N"

ENTERED ON MINUTES

FEB 06 2018

CHARLENE WILLIAMS

VERIFIED
2-7-18

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 07-3249                                    DIVISION  N

SUCCESSION

OF

FREDERICK P. HEISLER

FILED: _____

DEPUTY CLERK

## MOTION FOR EXPEDITED HEARING ON SUCCESSION'S PRIOR REQUESTS FOR DECLARATORY JUDGMENT NAMING CAPITAL CROSSING SERVICING COMPANY, INC., GIROD LOANCO, LLC, AND CHARLES SCHWAB & COMPANY, INC., AS PARTIES CLAIMING AN INTEREST PURSUANT TO LCCP ARTICLE 1880

The Succession of Frederick P. Heisler ("the Succession"), through undersigned counsel, moves as follows:

1.      On prior occasions in these proceedings, the Succession has indicated that certain third parties have claimed or may claim an interest in Succession Property as a consequence of the collapse of the First NBC Bank, previously located at 210 Baronne Street, New Orleans, Louisiana 70112 ("the Bank").

## I.   UNSAFE AND UNSOUND BANKING PRACTICES AND THE COLLAPSE OF THE BANK

2.      On April 28, 2017, John Ducrest, Commissioner of the Louisiana Office of Financial Institutions ("OFI"), filed an action to close the Bank on the grounds that it had been engaging in a pattern of "...unsafe and unsound banking practices..." in violation of federal law set forth at Title 12 of the United States Code of Federal Regulations, 12 CFR Part 337, and Title 12 of the United States Code, 12 U.S.C. § 375(a)(4), 375(b), 1463(a)(1), 1816, 1818(a), 1818(b), 1819, 1820(d), 1828(j)(2) and 1831; *In re: First NBC Bank*, Docket No. 17-4057, Division N ("the Liquidation lawsuit").

3.      According to a November 3, 2017 report from the Office of the Inspector General, the unsafe and unsound banking practices included large lending relationships with borrowers who put up little or no collateral, followed by the fraudulent use of collateral belonging to one borrower in order to conceal the delinquencies of defaulted borrowers, www.fdicoig.gov.

4.    As required by law, on April 28, 2017, OFI surrendered all assets of the Bank to the Federal Deposit Insurance Company ("FDIC") for liquidation, including loans maintained at the Bank under Loan Numbers 100022434, 1000066764, 1000114592, 1000125119, 1000086399, 1000133897 and 1000157008 ("Succession Loans Sold").

5.    On information and belief, certain third parties purchased the Succession Loans Sold for an undisclosed price, notwithstanding prior warnings from the Succession to the FDIC that any Succession Loans Sold would be the subject of the Succession's rights of litigious redemption pursuant to Article 2652 of the Louisiana Civil Code.

## II.   "...PARTIES WITH AN INTEREST..."
## PURSUANT TO THE LOUISIANA DECLARATORY JUDGMENT ACT, LACCP ARTICLE 1880

6.    The Louisiana Declaratory Judgment Act, adopted and made effective on September 26, 1948, provides, at Article 1871, that "...Courts within their respective jurisdictions may declare rights, status or other legal relations whether or not further relief can be granted..." ("a DEC Act Lawsuit").

7.    No DEC Act Lawsuit shall be open to objection and the existence of another adequate remedy does not preclude a declaratory judgment as prayed for.

8.    A DEC Act Lawsuit does not require the filing of answers, but only requires interested or affected parties to "...show cause..." why declaratory relief should not be granted as prayed for, *Billingsley v. Baton Rouge*, 673 So.2d 300 (1st Cir. 1996); *Perkins v. Perkins*, 388 So.2d 475 (2nd Cir. 1980); *Succession of McLean*, 580 So.2d 935 (2nd Cir. 1991); William R. Ramshur, *Declaratory Judgments in Louisiana*, 33 Louisiana Law Revue 1 (1972).

9.    The key issue in any declaratory judgment setting is the fact that declaratory relief will remove uncertainty as to the rights of the parties.

10.    On October 20, 2017, the Succession filed a Motion for Declaratory Relief, seeking a ruling that the seven loans identified at ¶ 4 above were *unenforceable* for lack of supporting documentation and/or *unprovable* for lack of documentation, and alternatively, are subject to the Right of Litigious Redemption pursuant to LCC Article 2652.

11.    Article 1880 of the Louisiana Code of Civil Procedure provides that when declaratory relief is sought, "...all persons shall be made parties who have or claim any interest which would be affected by the declaration..."

12.   Accordingly, the Succession hereby names CAPITAL CROSSING SERVICING COMPANY, LLC, GIROD LOANCO LLC and CHARLES SCHWAB & COMPANY, INC as respondents herein.

13.   CAPITAL CROSSING SERVICING COMPANY, LLC, is a Louisiana Collection Agency Charter Number 368778071 with a Mailing Address of 5615 Corporate Blvd. Suite 400B, Baton Rouge, Louisiana ("Capital Crossing").

14.   GIROD LOANCO LLC is allegedly a business with an address of 99 High Street, Boston Massachusetts, but its corporate existence cannot be found ("Girod").

15.   CHARLES SCHWAB & COMPANY, INC. is a Brokerage Company with offices at 101 Montgomery Street, San Francisco, California 94104 and is the depositary of Account Number 2220-7837, entitled Regina B. Heisler Pledged Asset Account, subject to an agreement by and between Fisrt NBC Bank, Regina B. Heisler and Charles Schwab & Co. ("Schwab").

16.   Neither Capital Crossing nor Girod is a party to any agreement.

17.   The Succession by these presents calls upon Capital Crossing, Girod and Schwab to provide any and all documents that entitle each respondent to an interest in any loans as to which the Succession is a debtor.

## III.   REFUSALS TO PROVIDE PROOF OF ANY THIRD-PARTY INTEREST IN SUCCESSION PROPERTY

18.   Beginning in at April of 2017 or earlier, concerned that the Bank was near collapse and concerned that the collateral given by the Succession had been used to defraud regulators on other Bank borrower loans, the Succession attempted to ascertain whether Succession had been used to defraud regulators, as was rumored to have taken place.

19.   In May of 2017, counsel for the Succession met with FDIC officials and declared that "time was of the essence", but never received any proof as to the existence or amount of any third-party interest in Succession Property.

20.   On June 21, 2017, the FDIC made a demand for payment on all seven above-described loans, but refused to provide documentation:

| Debtor | Loan Number | Balance Claimed |
|---|---|---|
| Levy Gardens | 1000013304 | $ 194,616 |
| Heisler Succession | 0100022434 | $ 1,858,750 |
| Heisler Succession | 1000066764 | $ 901,485 |
| Heisler Succession | 1000114592 | $ 205,599 |
| Heisler Succession | 1000125119 | $ 99,252 |
| Regina B. Heisler | 1000086399 | $ 2,107,124 |

| Heisler Succession | 1000133897 | $ | 128,573 |
| Heisler Succession | 1000157008 | $ | 299,776 |

21.  On information and belief, on November 13, 2017, the FDIC assigned, sold or transferred its interest in the loans identified above, if any, to GIROD LOANCO, LLC, without recourse.

## IV.  RELIEF REQUESTED

22.  The Succession of Frederick P. Heisler requests that the Court issue a Rule to Show Cause, on an expedited basis, and render Declaratory Judgment, ruling that neither Capital Crossing Servicing Company, LLC, Girod LoanCo, LLC and/or Charles Schwab & Company, Inc., nor any of them, have any interest in any assets or property of the Succession of Frederick P. Heisler, Frederick P. Heisler, and /or Regina Heisler.

23.  The Succession further requests that the Court order Schwab to take no steps to liquidate or dispose of Account Number 2220-7837, entitled Regina B. Heisler Pledged Asset Account, pending further orders from the Court.

Respectfully submitted,

Henry L. Klein (7440)
844 Baronne Street
New Orleans, LA 70113
504-301-3027
henryklein44@gmail.com

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 07-3249

SUCCESSION

OF

FREDERICK P. HEISLER

FILED: _____    _____

                                          DEPUTY CLERK

### RULE TO SHOW CAUSE

Considering the foregoing,

LET Capital Crossing Servicing Company, Inc, Girod Loanco, LLC and Charles Schwab & Company, Inc., show cause, if any they have or can, on the _____ day of March, 2018, at _____o'clock a.m., why Declaratory Judgment sould not issue herein, Declaring that neither Capital Crossing Servicing Company, LLC, Girod LoanCo, LLC and/or Charles Schwab & Company, Inc., nor any of them, have any interest in any assets or property of the Succession of Frederick P. Heisler, Frederick P. Heisler, and /or Regina Heisler.  Pending further orders from the Court, Schwab is to take no steps to liquidate or dispose of Account Number 2220-7837, entitled Regina B. Heisler Pledged Asset Account.

New Orleans, Louisiana, this ____ day of March, 2018.

_____
    **CIVIL DISTRICT COURT JUDGE**

VERIFIED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 07-3249

SUCCESSION

OF

FREDERICK P. HEISLER

FILED: _____

_____
DEPUTY CLERK

RULE TO SHOW CAUSE

Considering the foregoing,

LET Capital Crossing Servicing Company, Inc, Girod Loanco, LLC and Charles Schwab & Company, Inc., show cause, if any they have or can, on the 13th day of March, 2018, at 9:00 o'clock a.m., why Declaratory Judgment sould not issue herein, Declaring that neither Capital Crossing Servicing Company, LLC, Girod LoanCo, LLC and/or Charles Schwab & Company, Inc., nor any of them, have any interest in any assets or property of the Succession of Frederick P. Heisler, Frederick P. Heisler, and /or Regina Heisler.   Pending further orders from the Court, Schwab is to take no steps to liquidate or dispose of Account Number 2220-7837, entitled Regina B. Heisler Pledged Asset Account.

New Orleans, Louisiana, this _____ day of March, 2018.

a. Sree  Clerk,

~~CIVIL DISTRICT COURT JUDGE~~

By Order of the Court

ENTERED ON MINUTES

MAR 06 2019

CHARLENE WILLIAMS

8/2/18

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2007-3249                                    DIVISION N

THE SUCCESSION OF FREDERICK P. HEISLER

*Consolidated With*

NO. 2018-4693                                    DIVISION N

CHARLES SCHWAB & CO., INC.

versus

GIROD LOANCO, LLC and REGINA B. HEISLER

FILED: _____        _____
                                                    DEPUTY CLERK

**REGINA HEISLER RESPONSE TO SCHWAB CONCURSUS**
and
**INCORPORATED MOTION TO STRIKE GIROD LOANCO CLAIM**

Regina B. Heisler hereby responds to the Petition to Invoke Concursus Proceeding filed by Charles Schwab & Co., Inc. and moves to STRIKE the claim by Girod LoanCo for the following compelling reasons:

**EQUITABLE NATURE OF CONCURSUS**

1.       The Concursus filed by Schwab is *equitable* in nature; it seeks no coercive relief, no damages and no extraordinary relief; the remedy of Concursus only deposits money as to which Schwab has no interest to allow competing claims to be asserted and decided *equitably*.

2.       On June 14, 2018, Schwab deposited $331,085.59 to the registry of the court; on July 9, 2018, Schwab deposited $1,729,261.00 to the registry of the court; and on July 24, 2018, Schwab deposited $1,028.00 to the registry of the court, for a total of

**$2,061,198.59**

belonging to the Succession of Frederick P. Heisler.

3.       On information and belief, the July 24, 2018 deposit ended Schwab's obligations in the Concursus and triggered the time for claimants to file.

4.       As it had eventuated, ever since the April 28, 2017 closure of First NBC Bank by state and federal regulators, the Succession of Heisler has been wrongfully deprived of all right, title and interest to the Succession's funds and property.

1

5.   Consistent with the equitable nature of these proceedings and pursuant to fundamental maxims of law, Girod LoanCo is estopped from seeking any recovery of the $2,061,198.59 in the registry of the court or any property belonging to the Succession, to-wit:

☐   *Equity abhors inequality.* Regina Heisler, born in November of 1943, finds herself in a death-fight for the family's savings against Girod LoanCo, a Delaware LLC created in April of 2017 for the purpose of buying toxic paper at deep discounts and exacting vulgar profits;

☐   *Equity aids the vigilant[1].* Long before Girod LoanCo claims it purchased toxic paper from the FDIC, Regina Heisler filed pleadings seeking to protect the Succession against strangers brandishing litigious rights;

☐   *Equity requires clean hands.* For months, Regina Heisler sought disclosure from Girod LoanCo as to its alleged interest in the property of the Succession, and for months Girod LoanCo did not disclose what documents it held in its filthy hands;

☐   *Equity delights in complete justice, not by halves.* No split of the money in the registry will do justice if equity is to prevail;

☐   *Equity will not allow law to cloak a fraud.* Girod LoanCo allegedly paid the FDIC an unknown amount for toxic paper seized from a bank which engaged in fraud.

6.   On March 5, 2018, the Succession filed a compelling *Motion for Expedited Hearing on Succession's Prior Requests for Declaratory Judgment Naming Capital Crossing Servicing Company, Inc., and Girod LoanCo, LLC and Charles Schwab & Company, Inc. as Parties Claiming an Interest Pursuant to LCCP Article 1880*, Exhibit A.

---

[1]   Regina Heisler and/or the Succession have filed at least the following pleadings to protect the Succession's interest in collateral used by First NBC Bank to conceal from federal regulators the condition of millions of dollars in loans to third parties having nothing to do with the Heislers: (1) on October 21, 2017, the Succession filed a *Motion for Declaratory Relief Enforcing the Right of Litigious Redemption, applying the Ex Turpi Causa Doctrine with Reservation of Rights to Supplemental Relief*; (2) on February 2, 2018, the Succession filed a *Request for Authority to Present a Freedom of Information Act Request to the FDIC*, which sought to discover what Girod LoanCo paid for the purchase of Heisler loans; and (3) on June 15, 2018. The Succession filed an *Unopposed Motion to Transfer* which incorporated prior pleadings filed to protect Succession Property.

7.    On March 5, 2018, the Court set an April 13, 2018 hearing on the Succession's show-cause request, but Girod LoanCo *refused* to join issue or to enroll and the motion had to be continued without date.

8.    As a matter of fact and as a matter of law, Girod LoanCo has no interest in any of the property belonging to the Succession because it has no documentary evidence to support its claim, <u>Exhibit B-1</u>[2].

9.    Additionally, Girod LoanCo is equitably, collaterally and judicially estopped from claiming an interest in Succession property because of the following acts and omissions, <u>In Globo Exhibit B-2</u>:

| | |
|---|---|
| 12/07/17 @ 8:34 am: | Do you have any documentation on the 9 loans? Stated differently, If you were going to trial today, what proof would you submit? |
| 12/07/17 @ 12:01 pm: | You must have some documents I can look at. |
| 12/07/17 @ 2:49 pm: | Do you have any documentation on the Heisler loans? |
| 12/11/17 @ 10:01 am: | To Eric Lockridge:  I really need to see what you have and how much you contend is owed. I have been chasing this issue for 6 months....Please give me a time to go to David's office and see whatever documentation you have. |
| 12/15/17 @ 11:47 am: | It has now been at least 8 months (sic) since I began looking for documentation and have received nothing. |
| 12/18/17 @ 9:50 am: | How close are we to getting a look at the histories of these loans? |
| 12/20/17 @ 1:14 pm: | Please get me the credit/debit history on each loan you expect the Succession to pay. |
| 12/20/17 @ 2:34 pm: | This is torture. |
| 01/02/18 @ 10:05 am: | Surely you have some supporting documentation by now.  Can you tell me what your client paid? |
| 01/03/18 @ 9:09 am: | David and Eric:  I would like to come over and see what documentation you have to support your claims.  Once again, I have been seeking this information since April of 2017 and must reach an understanding asap. |
| 01/09/18 @ 1:14 pm: | I have to do something!!!! If you have no documentation, please say so; If you have some documentation, please say so; If you have lousy documentation, please say so. |
| 01/10/18 @ 1:11 pm: | Quo Vadimus? |

---

[2]    One or two days after the Bank was closed down, we attempted to obtain proof of documentation for what appeared to be **shill loans**.  The chart made Exhibit B-1 was provided to the FDIC prior to meeting with FDIC examiners with (a) no applications and (b) no closing documents being found in the First NBC Bank loan files.

3

| | |
|---|---|
| 01/24/18 @  1:47 pm: | Do you have paperwork for me to see? |
| 01/30/18 @  1:43 pm: | Do you have any actual original notes?  Where are they physically? |
| 01/31/18 @  8:41 am: | Does David Silverstein or anyone have the original notes Capital purchased? |
| 02/26/18 @ 10:16 am: | The FDIC has responded to my FOIA request with nothing.   They have no record of supporting documentation and (they say) no idea what your client paid for the loans. |
| 03/03/18 @  5:21 pm: | Does this company exist?  I couldn't find them in any jurisdiction on earth. |
| 03/05/18 @  1:18 pm: | Does Girod LoanCo exist?  Will David accept pleadings and/or a subpoena? |
| 03/09/18 @  1:22 pm: | I want to go to Boston to inspect the records on the loans sold to Girod LoanCo (which I found in Delaware)   Will you agree without a court order? |
| 03/12/18 @  9:07 am: | I requested your confirmation as to my going to Boston to inspect the records your client has regarding each loan as to which the Heislers are  involved....TIME  IS  OF  THE ESSENCE....Please give me a time and date at your client's offices in Boston to conduct the inspection. |
| 03/12/18 @ 10:29 am: | Do you have THE ORIGINAL OF ANY NOTE? |
| 03/12/18 @ 11:20 am: | I want to go to Boston and look at the loan files, however sparse. |
| 03/14/18 @  4:31 pm: | I have been trying to see what supporting documentation your client has on the loans allegedly purchased from the FDIC.   YOU HAVE YET TO PROVIDE DOCUMENTATION OR GIVE ME A TIME AND DATE WHEN I CAN GO TO BOSTON TO SEE THE RECORDS. |
| 04/17/18 @  2:33 pm: | Am I correct that you have filed NO pleadings in the interpleader.  Are you? |
| 04/19/18 @  5:56 pm: | It seems inevitable that your client will be required to show me everything it has in the form of documentation for each loan.  Same as to the price Girod paid.  Why do we have to go through all this rigmarole? |
| 06/20/18 @  4:49 pm: | For approximately the 20th time, demand is made for CC or Girod to provide al documents which support your claim. |
| 06/22/18 @  2:26 pm: | The concursus has been filed and you will have to reveal by what authority you have any right to any of the collateral, including the cash from the Schwab Account.   Please send me the paperwork that establishes when and how Girod owns the rights or the collateral. |

| 07/20/18 @ 11:37 am: | You filed, but do you have proof? |
|---|---|
| 07/23/18 @ 10:12 am: | David: There were no documents with your claim. Please produce immediately all documents which give Girod LoanCo a legal right to make the claim. I have been diligently seeking this information for over a year from the FDIC and from Girod LoanCo. |
| 07/27/18 @ 3:38 pm: | Eric and David: You have filed a claim in the concursus at 18-4693 WITHOUT (i) presenting any documents which establish your alleged interest in the Heisler assets, (ii) how you obtained that interest allegedly on November 13, 2017, (iii) what you paid for the alleged interest and (iv) why you haven't provided the Succession or Regina Heisler with documentation despite repeated requests. |
| 07/27/18 @ 3:54 pm: | Mrs. Heisler is a 76-year-old widow whose assets were used to fund shill loans. Girod LoanCo has her entire estate and assets tied up with bogus loans that are TOXIC and UNENFORCEABLE because they came out of the First NBC Bank criminal activity that resulted in the collapse of the bank. You cannot document your claim. |
| 07/27/18 @ 3:45 pm: | Girod LoanCo is a one-year-old company born in April of 2017 to purchase toxic debt at deep discounts and attempt to gouge the alleged debtor. We have attempted to obtain documentation of your rights without avail for months. PLEASE WITHDRAW YOUR CLAIM. |

## TOXIC PAPER
## AND THE *EX TURPI CAUSA* DOCTRINE[3]

10.    If Girod LoanCo purchased the loans from the FDIC, the toxic paper was and still is *unenforceable* because the Heisler assets were used by the First NBC Bank as part and parcel of a scheme to commit bank fraud.

11.    At the time Girod LoanCo claims it purchased the loans (November 13, 2017), the loans were clearly the "...fruit of a poisoned tree...".

12.    On November 11, 2017, before Girod LoanCo allegedly purchased the illegally-bloated Heisler debt, the New Orleans Advocate published a summary of the fraud involved: *New insight into First NBC Bank collapse and Ashton Ryan Jr. 4 major problem areas*, Exhibit C.

13.    On November 25, 2017, the New Orleans Advocate detailed why the practice of purchasing toxic paper by out-of-state predators like Girod LoanCo was inherently evil, *Cut-rate sale of First NBC Loans could have a 'disruptive effect on New Orleans Real Estate market*, Exhibit D[4].

---

[3]    Cf: The Rights of Parties to Illegal Transactions, Exhibit B-3.

[4]    All pre-November 13, 2017 documentaries cite the FDIC IG Report.

14.   Before the Bank sent all of its records to Dallas, Texas, we were able to identify the link between the systemic fraud and the bloating of Heisler debt *without* the Succession receiving any money: COASTAL PHOENIX INVESTMENTS ("CPI").

15.   Unwittingly, the Heislers became involved with CPI in connection with property in New Orleans East (Levy Gardens) and in Baton Rouge (Howell Place), giving CPI access to proprietary information.

16.   Unknown to Regina Heisler or the Seccession, CPI surreptitiously used Succession assets to collateralize shill loans totaling $149,417,652 using bogus collateral over-and-over-over, Exhibit E.

17.   The frenzy of illegal loans used to fleece the Heisler Succession was remarkable (taken from Exhibit E):

| | |
|---|---|
| 11/30/10 | $  4,500,000 |
| 08/30/11 | $  6,900,000 |
| 08/30/11 | $  4,607,000 |
| 08/30/11 | $  4,173,000 |
| 09/20/11 | $     204,250 |
| 06/06/12 | $  6,831,000 |
| 06/06/12 | $  4,489,000 |
| 06/06/12 | $  4,359,686 |
| 09/26/14 | $ 12,000,000 |
| 09/26/14 | $ 11,172,966 |
| 09/26/14 | $ 18,185,000 |
| 02/20/15 | $ 10,000,000 |
| 11/17/15 | $ 17,000,000 |
| 02/16/16 | $ 13,000,000 |
| 04/28/16 | $ 21,000,000 |
| 05/26/16 | $  1,000,000 |
| 05/27/16 | $     215,000 |
| 06/09/16 | $  1,000,000 |
| 06/16/16 | $  1,000,000 |
| 06/16/16 | $  1,000,000 |
| 06/24/16 | $  1,000,000 |
| 07/28/16 | $  1,000,000 |
| 07/29/16 | $  1,000,000 |
| 08/10/16 | $  1,000,000 |
| 08/22/16 | $  1,000,000 |

18.   In a report prepared by the Succession at the behest of the FBI and the FDIC, counsel for the Succession was able to provide a summary of shill loans *never* made by Regina Heisler or the Succession, Exhibit F, culminating with the following comment to federal investigators:

*REGINA HEISLER WAS BEING USED LIKE A MULE BY [COASTAL PHOENIX]: (i) SHE NEVER APPLIED FOR THE LOANS, (ii) NEVER RECEIVED ANY OF THE FUNDS, (iii) NEVER PROVIDED UP-TO-DATE FINANCIALS, (iv) NEVER OBTAINED COURT APPROVAL TO PLEDGE SUCCESSION PROPERTY AND (v) NEVER KNEW WHAT OR WHY OR FOR WHOSE BENEFIT SHE WAS BEING LOANED MONEY BY FIRST NBC BANK;*

19.    Pursuant to the equitable doctrine *ex turpi causa non oritur actio*, this case should have ended 15 months ago, when your undersigned met with the FDIC on May 10, 2017 and introduced the concept that "...from a dishonorable cause, no action can arise...", Exhibit G[5].

PRESERVING THE SUCCESSION'S REAL ESTATE ASSETS

20.    By any measure, Regina Heisler, as the executrix of the Succession of Heisler, was _not_ authorized to mortgage or encumber the real estate assets of the Succession without this Court's approval, as was the case during the early years post-Fred Heisler's death.

21.    All debts outside the Schwab Account were allegedly collateralized by real estate as to which no court authority was obtained, violating the rule that the Succession Representative's first duty is to preserve the assets of the Succession.

22.    None of the alleged loans after 2008 were approved by this Court and therefore must be released _in toto_.

23.    Beginning with the alleged March 24, 2009 loan, the following bogus comments reveal the level of fraud practiced by the First NBC Bank, to-wit: *Intangibles, Real Estate, Real Estate, Intangibles, Caution, Stocks, Unsecured, Unsecured, Unsecured Real Estate, HELOC, Stocks, Stocks, Unsecured, Unsecured, Unsecured, Unsecured, Unsecured, Stocks, Unsecured, Real Estate, Unsecured and Real Estate.*

24.    No court would have approved the alleged loans made for the purposes set forth in ¶ 22 above.

---

[5]    In the May 11, 2017 letter to FDIC officials Jennifer Wilson Davis, Myers Hurt and Thomas Hammonds, we articulated our consistent position:

> "In the whirlwind which eventuated, Regina Heisler was unwittingly impacted. [The *ex turpi causa* doctrine] teaches us that a plaintiff (here First NBC or FDIC as successor) cannot pursue a legal remedy if it arises in connection with its own illegal act."

### WRONGFUL IMPAIRMENT OF RIGHTS OF LITIGIOUS REDEMPTION

25.     Girod LoanCo has *refused* to disclose the level of discount it paid for the toxic paper *sub judice*, paralyzing the Succession, causing unnecessary anguish to Regina Heisler and the heirs of the Succession.

26.     The impairment of the rights of Regina Heisler and the Succession to protect themselves pursuant to Louisiana Civil Code Article 2652 of the Louisiana Civil Code bars Girod LoanCo from any relief.

### NOVATION AND RELEASE OF SECURITY

27.     On information and belief (and because no documentation has been produced), any transactions upon which Girod LoanCo relies are unenforceable novations as to which all collateral has been released as a matter of law.

### ANSWER TO CONCURSUS

28.     Regina Heisler avers that under the circumstances of this case, Girod LoanCo has no right to be a claimant and that only Regina Heisler and the Succession can be recognized as the rightful owners of the Succession assets.

29.     Out of an overabundance of caution, Regina Heisler answers the allegations of the Petition filed by Schwab as follows:

30.     The allegations of Paragraphs 1 through 7, 10 and 14 are admitted.

31.     The allegations of Paragraphs 8, 9 and 11 through 14 require no answer.

### ENTITLEMENT TO EXPEDITED HEARING

32.     Because there are no material issues of fact and because, as a matter of law, Regina Heisler and the Succession of Frederick P. Heisler are entitled to recognition over Girod LoanCo, this matter should be scheduled for an expedited hearing.

Respectfully submitted,

Henry L. Klein (7440)
844 Baronne Street
New Orleans, Louisiana 70113
504-301-3027
henryklein44@gmail.com

7

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2007-3249                                                    DIVISION N

THE SUCCESSION OF FREDERICK P. HEISLER

*Consolidated With*

NO. 2018-4693                                                    DIVISION N

CHARLES SCHWAB & CO., INC.

versus

GIROD LOANCO, LLC and REGINA B. HEISLER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RULE *NISI*

Considering the foregoing,

IT IS ORDERED that an expedited hearing be and the same is hereby set for the _____ day of August, 2018, at 10:00 o'clock a.m., at which time Girod LoanCo will show cause, if any it has or can, why its claim should not be STRICKEN and why the interests of Regina Heisler and the Succession of Frederick P. Heisler as to all Succession property should not be recognized as superior to any other persons or entities whatsoever.

NEW ORLEANS, LOUISIANA this _____day of August, 2018.

_____
CIVIL DISTRICT COURT JUDGE

8



8/22/18

O

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2018-4693                                          DIVISION N

CHARLES SCHWAB & CO., INC.

versus

GIROD LOANCO, LLC and REGINA B. HEISLER

**CONSOLIDATED WITH**

NO. 2207-3249                                          DIVISION N

SUCCESSION OF FREDERICK P. HEISLER

FILED: _____          DEPUTY CLERK

**MOTION TO COMPEL
PRODUCTION OF ORIGINAL NOTES
AND EVIDENCE OF PRICE PAID FOR THE HEISLER DEBT**

NOW COMES Regina B. Heisler ("Regina Heisler") through undersigned counsel, and moves to quash discovery propounded by Girod LoanCo LLC ("Girod") for the following reasons:

(a)   **Inappropriate presentation to duty judge.**   On August 17, 2018, Girod LoanCo presented various discovery requests to a duty judge. Regina Heisler respectfully objects.

(b)   **Oppressive and unnecessary discovery.**   A total of 38 pages of oppressive and unnecessary discovery has been propounded by Girod LoanCo, LLC, including the following:

☐   A Petition for Letters Rogatory seeking records from a third party for eleven (11) years *(from January 1, 2007 to present)* of financial records and all e-mails between Regina Heisler and her daughter, Dayna and Henry Klein and "...Dayna Heisler's entire mailbox at or for Coastal Phoenix...in PST format..."

☐   Forty-six (46) oppressive and unnecessary requests for admission having nothing to do with the fact that GirodCo purchased toxic paper from the FDIC at a price it refuses to reveal.

☐   Fifty-one (51) Interrogatories and Requests for Production of Documents having to do with proprietary information and nothing to do with Girod LoanCo.

The discovery is not yet due and further responses will be timely made. At the present time, however, Girod LoanCo must establish its right to make the extant claims.



1



**(c)    Production of Original Notes.**  For more than nine (9) months, the Succession has sought the original notes Girod LoanCo claims to own. Copies don't count.   This entire matter was part of criminal activity at the First NBC Bank and the *original* notes are the only proof that is acceptable. The use of "copies" may result in more than one alleged owner making claims. Girod LoanCo should have the originals in New Orleans by now and they should be immediately made available for inspection.

**(d)    Proof of Price Paid.**    The Succession and Regina Heisler have long ago asserted that they have the right of litigious redemption and Girod LoanCo has refused to disclose what it paid for the toxic paper and should be compelled to so disclose.

Respectfully submitted,

Henry L. Klein (7440)
844 Baronne Street
New Orleans, LA 70113
(504) 301-3027
henryklein44@gmail.com

## O R D E R

Considering the foregoing,

**IT IS ORDERED** that Girod LoanCo make the original notes allegedly owned available for inspection and disclose what it paid for the loans by noon, August 27, 20188.

New Orleans, Louisiana, this ____ day of August, 2018.

Ethel  Simms  Julien,  Judge,  Division  N

VERIFIED

**(c)   Production of Original Notes.**  For more than nine (9) months, the Succession has sought the original notes Girod LoanCo claims to own. Copies don't count.   This entire matter was part of criminal activity at the First NBC Bank and the *original* notes are the only proof that is acceptable. The use of "copies" may result in more than one alleged owner making claims. Girod LoanCo should have the originals in New Orleans by now and they should be immediately made available for inspection.

**(d)   Proof of Price Paid.**   The Succession and Regina Heisler have long ago asserted that they have the right of litigious redemption and Girod LoanCo has refused to disclose what it paid for the toxic paper and should be compelled to so disclose.

Respectfully submitted,

Henry L. Klein (7440)
844 Baronne Street
New Orleans, LA 70113
(504) 301-3027
henryklein44@gmail.com

O R D E R

Considering the foregoing,

IT IS ORDERED that Girod LoanCo make the original notes allegedly owned available for inspection and disclose what it paid for the loans by noon, August 27, 20188.

New Orleans, Louisiana, this ____ day of August, 2018.

_____
Ethel Simms Julien, Judge, Division N

*[handwritten notations:]*
*Telephone conference held on 8-22-18*
*Counsel to submit a Rule to Show Cause.*
*Clerk 8-22-18*

ENTERED ON MINUTES
AUG 23 2018

CHARLENE WILLIAMS

2

VERIFIED

