| | |
|---|---|
| **FIRST NBC BANK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6652** |
| **LEVY GARDENS PARTNERS 2007, LP** | **SECTION: "G"(2)** |

## ORDER

Pending before the Court is Third-Party Defendants Lewis Title Company ("Lewis Title"), Inc. and Liskow & Lewis, PLC's ("Liskow") (collectively, "Liskow Defendants") Motion to Dismiss.[1] In the motion, Liskow Defendants request that the Court dismiss the third-party claims Levy Gardens Partners 2007, LP ("Levy Gardens") has filed against them, arguing that the claims are barred by res judicata.[2] Having considered the motion, the memoranda in support, the memoranda in opposition, and the applicable law, the Court will grant the motion.

## I. Background

Levy Gardens' claims against Liskow Defendants arise from Levy Gardens' 2008 purchase of property (the "Property") located in New Orleans.[3] After the purchase, certain third parties sued Levy Gardens in state court to enforce a 1985 zoning ordinance.[4] Their lawsuit was successful and, as a result, Levy Gardens was unable to use the Property as it had intended.[5]

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 6-1 at 1–2.

[3] *Id.* at 1.

[4] *Id.*

[5] *Id.*

On March 14, 2017, First NBC Bank of New Orleans, LA ("First NBC") brought a foreclosure action by executory process against Levy Gardens in the Civil District Court for the Parish of Orleans, State of Louisiana.[6] In that action, Levy Gardens asserted a third-party demand against Liskow Defendants.[7] Although Liskow Defendants were not involved in the original transaction, Levy Gardens brought the claim against Liskow Defendants because Lewis Title, a subsidiary of Liskow Defendants, was the agent for the insurance company that issued the title insurance policies on the Property.[8]

On April 28, 2017, First NBC was closed by the Louisiana Office of Financial Institutions, and the FDIC-R was named receiver.[9] On July 11, 2017, the FDIC-R filed a Motion for Substitution of Parties in the state action, as the FDIC-R notified parties that it succeeded to all rights, titles, powers, and privileges of First NBC.[10] Moreover, on July 11, 2017, the FDIC-R filed a Notice of Removal, removing the state action to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441.[11]

---

[6] *See* Rec. Doc. 1-2; *see also* Rec. Doc. 13-1 at 1.

[7] Rec. Doc. 1-3.

[8] Rec. Doc. 6-1 at 1–2.

[9] Rec. Doc. 13-1 at 1.

[10] *See* Rec. Doc. 1-4; *see also* Rec. Doc. 13-1 at 2.

[11] Rec. Doc. 1; *see also* Rec. Doc. 13-1 at 2.

On September 18, 2017, Liskow Defendants filed the instant Motion to Dismiss.[12] On September 24, 2017 Levy Gardens filed an opposition.[13] On September 31, 2017, with leave of Court, Liskow Defendants filed a reply memorandum.[14]

On October 5, 2017, this Court granted a motion to stay this matter pending exhaustion of administrative remedies filed by FDIC-R.[15] On December 5, 2017, this Court granted a Motion to Substitute Party Girod LoanCo, LLC for First NBC Bank pursuant to Federal Rule of Civil Procedure 25(c).[16] This Court found that Rule 25(c) provides that when there is a transfer of interest, the Court may substitute the transferee as the party litigant.[17] Further, this Court found that Girod LoanCo, LLC ("Girod") was the holder of the note described in and attached to the state-court Petition that initiated this civil action, having acquired same from the FDIC-R as Receiver for First NBC.[18] The Court found that Girod should be substituted as the party plaintiff due the closure of First NBC and the fact that Girod is the current holder of the note that forms the basis of this litigation.[19]

On September 18, 2018, upon a motion by Levy Gardens, the Court reopened the case.[20] In that Order, the Court set for submission two motions that were filed before the stay.[21]

---

[12] Rec. Doc. 6.

[13] Rec. Doc. 14.

[14] Rec. Doc. 18.

[15] Rec. Doc. 57.

[16] Rec. Doc. 61.

[17] *Id.* at 2.

[18] *Id.*

[19] *Id.*

[20] Rec. Doc. 66.

[21] *Id.* at 7.

Specifically, the Court set Liskow Defendants' instant Motion to Dismiss[22] and Levy Gardens' "Motion for Full Disclosure by FDIC as to All Loans made by First NBC Bank to Levy Gardens and Related Parties"[23] for submission on October 10, 2018 at 10:00 a.m., with any opposition due in accordance with Local Rule 7.5.[24]

Although the Court noted that the motion to dismiss appeared to have been fully briefed before the stay was issued, the Court set these motions for a new submission date in the event any circumstances had changed requiring additional briefing.[25] On September 20, 2018, Levy Gardens filed a supplemental opposition to the motion to dismiss.[26] On September 21, 2018, Levy Gardens filed another supplemental opposition to the motion to dismiss.[27] On February 14, 2019, after the new submission date had passed, with leave of Court, Levy Gardens filed a further supplemental opposition to the motion to dismiss.[28] On March 6, 2019, Levy Gardens filed a notice informing the Court of filings made in a case pending in the United States District Court for the District of Columbia.[29]

---

[22] Rec. Doc. 6.

[23] Rec. Doc. 36.

[24] Rec. Doc. 66 at 7.

[25] *Id.* at 5, n.27.

[26] Rec. Doc. 67.

[27] Rec. Doc. 68.

[28] Rec. Doc. 92.

[29] Rec. Doc. 98.

## II. Parties' Arguments

### A. *Liskow Defendants' Arguments in Support of the Motion to Dismiss*

In support of the motion, Liskow Defendants request that the Court dismiss the claims of Levy Gardens Partners 2007, LP ("Levy Gardens") arguing that the claims are barred by res judicata.[30] Liskow Defendants argue that res judicata applies and Levy Gardens claims should be dismissed for two reasons: (1) in 2012, another section of this Court dismissed with prejudice claims against Lewis Title that were based on the same nucleus of operative fact, and (2) on two prior occasions, Levy Gardens has voluntarily dismissed claims against Liskow Defendants, and under Federal Rule of Civil Procedure 41(a)(1)(B), the second dismissal "operates as an adjudication on the merits."[31] Ultimately, Liskow Defendants argue Levy Gardens' claims are barred because they have already been litigated three times in federal court.[32]

Liskow Defendants argue that these claims were first raised in 2010 when Levy Gardens brought a suit in Louisiana state court against Lewis Title (the "2010 lawsuit").[33] Liskow Defendants state that in the 2010 lawsuit, Levy Gardens alleged that, in connection with its effort to purchase and develop the Property, it sought title insurance coverage from Lewis Title, and that Lewis Title conducted the closing on the Property.[34] Liskow Defendants state that after Levy Gardens was prevented from developing the property due to a zoning ordinance, Levy Gardens asserted a claim against Lewis Title for "errors and omissions," alleging that Levy Gardens was

---

[30] *Id.* at 1–2.

[31] Rec. Doc. 6-1 at 2.

[32] *Id.* at 2–7.

[33] *Id.* at 2.

[34] *Id.*

not "named as an insured and/or loss payee under the title policy procured by Lewis Title."[35] Liskow Defendants state that while in state court, Levy Gardens filed a motion to dismiss Lewis Title from the 2010 lawsuit, which was granted on July 28, 2010.[36] Liskow Defendants state that after dismissal of Lewis Title, the case was removed to another section of this Court.[37] Following removal, this Court held a bench trial, finding that Levy Gardens' losses were covered under the title insurance policy, but that damages were limited to $605,000, even though Levy Gardens sought a much higher amount.[38] Further, Liskow Defendants state that the court's decision was affirmed on appeal regarding both liability and damages.[39]

Liskow Defendants argue that in 2012, Levy Gardens asserted the same claims in a second lawsuit filed in state court (the "2012 lawsuit").[40] Liskow Defendants state that in that suit, again, Levy Gardens brought claims related to the 2008 closing on the Property and on the related title insurance policies, arguing that Condition 8(a) of the policy, which limited Levy Gardens' recovery in the 2010 Lawsuit, was fraudulent.[41] Liskow Defendants state that Levy Gardens also alleged that Lewis Title was liable for "negligent abstracting," by failing to discern that applicable zoning regulations restricted Levy Gardens from using the Property as intended.[42] Liskow Defendants state that ultimately, Levy Gardens sought a declaration that "title insurance is not

---

[35] *Id*. at 3.

[36] *Id.*

[37] *Id.*

[38] *Id.* at 3–4.

[39] *Id*. at 4.

[40] *Id.*

[41] *Id.*

[42] *Id.*

insurance."[43] Liskow Defendants state that the 2012 lawsuit was removed to another section of this Court, where the Court found that Lewis Title was improperly joined as a defendant because: (1) any non-fraud claim against Lewis Title was perempted under Louisiana Revised Statute 9:5606, which requires that actions against insurance agents and brokers be filed within three years from the date of the alleged act, omission, or neglect; and (2) even though the three-year peremptive period does not apply to fraud claims, Levy Gardens had not shown any possible basis for recovery against Lewis Title for fraud.[44] Liskow Defendants state as a result, this Court dismissed all claims against Lewis Title with prejudice.[45]

Liskow Defendants then claim that Levy Gardens filed a third lawsuit in state court asserting the same claims against Liskow Defendants in 2017 (the "2017 lawsuit").[46] Liskow Defendants argue that Levy Gardens' claims were once again based on the 2008 closing of the Property, its inability to develop the Property, and the related title insurance policy.[47] Liskow Defendants state that, in particular, Levy Gardens again alleged, *inter alia*, that (1) the title insurance policies Levy Gardens purchased were "worthless"; (2) Liskow Defendants were negligent in conducting the closing and failing to discover the zoning ordinance; (3) Liskow Defendants engaged in fraud or concealment in connection with the 2008 closing; and (4) title

---

[43] *Id.* at 5.

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id*. at 6.

insurance is not insurance.[48] However, Liskow Defendants claim that following removal to federal court, Levy Gardens voluntarily dismissed the lawsuit.[49]

Liskow Defendants argue that the claims in this pending lawsuit arise from same 2008 closing and from Levy Gardens' purchase of title insurance.[50] Liskow Defendants argue that the instant motion should be granted under the doctrine of res judicata.[51] Liskow Defendants acknowledge that although res judicata is generally raised as an affirmative defense, res judicata is appropriately raised through a motion to dismiss pursuant to Rule 12(b)(6) where it appears on the face of the pleadings.[52] Liskow Defendants also argue that "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."[53] Liskow Defendants state that a court can specifically take notice of prior judgments and "[i]f a court decides to take judicial notice of 'matters in the public record, and items appearing in the record of the case, all may be considered along with the pleadings in Rule 12(b)(6) determinations.'"[54]

Liskow Defendants argue that four elements must be met for a claim to be barred by res judicata: (1) the previous action involved the same parties or those in privity with them; (2) the

---

[48] *Id.*

[49] *Id.* at 6–7.

[50] *Id.* at 7.

[51] *Id.* at 8.

[52] *Id.* (citing *Cade v. Henderson*, 2001 U.S. Dist. LEXIS 13685 at *2 (E.D. La. Aug. 31, 2001); *see also Kansa Reins. Co. v. Congressional Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) ("when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate") (citations omitted); *Norris v. Hearst Trust*, 500 F.3d 454, 456-57 (5th Cir. 2007) (affirming judgment granting motion to dismiss and dismissing claims based on res judicata)).

[53] *Id.* at 9 (citing *Sandoz v. U.S.*, 2016 U.S. Dist. LEXIS 50915 at *7 (E.D. La. Apr. 15, 2016) (*citing Norris*, 500 F.3d at 461); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007))).

[54] *Id.* (citing *Johnson v. Loyola Univ. New Orleans*, 2015 U.S. Dist. LEXIS 111710 at *11 (E.D. La. Aug. 21, 2015); *see also Hall v. Hodgkins*, 305 Fed. Appx. 224, 226-27 (5th Cir. 2008)).

prior judgment must have been rendered by a court of competent jurisdiction; (3) the prior judgment constitutes a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases.[55] Liskow Defendants argue that the four elements are met in regards to the 2012 lawsuit, which resulted in dismissal of all Levy Gardens' claims against Lewis Title.[56]

Regarding the first element of res judicata, Liskow Defendants argue that the same parties or parties in privity were involved in the 2012 lawsuit and the present lawsuit.[57] Liskow Defendants assert that Levy Gardens and Lewis Title were parties in both lawsuits.[58] Further, Liskow Defendants assert that the interests of Liskow were adequately represented in the 2012 lawsuit because Lewis Title, a party to the 2012 lawsuit, is its wholly-owned subsidiary.[59] Regarding the second and third elements of res judicata, Liskow Defendants assert that a final judgment was entered by another section of this Court on October 30, 2012.[60] Regarding the fourth element of res judicata, Liskow Defendants state that this case arises out of the same nucleus of operative fact as the 2012 lawsuit because both relate to the 2008 closing on the Property and Levy Gardens' contemporaneous purchase of title insurance policies from Liskow Defendants.[61]

Additionally, Liskow Defendants argue that the third-party claims pending against them are barred by res judicata because Levy Gardens has voluntarily dismissed two prior lawsuits based

---

[55] *Id.* at 10 (citing *Oreck Direct LLC v. Dyson Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (citations omitted)).

[56] *Id.*

[57] *Id.*

[58] *Id.*

[59] *Id.* at 10–11.

[60] *Id.* at 13–14.

[61] *Id.* at 14–15.

on the same nucleus of operative fact.[62] Liskow Defendants argue that Federal Rule of Civil Procedure 41(a) governs the effect of a plaintiff's voluntary dismissal of an action pending in federal court, and that Rule 41(a)(1)(B) provides that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Liskow Defendants state that this "two dismissal rule" applies in this case because the 2010 lawsuit and the 2017 lawsuit were derived from the same facts and Levy Gardens voluntarily dismissed the claims against Lewis Title in both cases.[63]

### B. Levy Gardens' Arguments in Opposition to the Motion to Dismiss

In opposition, Levy Gardens argues that "Liskow Defendants can not [sic] win their motion unless this Court rules that the Liskow Defendants were selling 'insurance' on October 7, 2008."[64] Further, Levy Gardens claims that this is "not a one-victim case" and that "this case is about the unabated fleecing of millions of American consumers" that are unprotected at real estate closings when dealing with the title insurance industry.[65] In support of this assertion, Levy Gardens includes alleged statistics for premiums collected and losses paid by the title insurance industry.[66] Levy Gardens claims that these numbers show, in part, that the title insurance industry fails to properly adjust claims and makes allegations that Liskow Defendants failed to properly adjust claims in this case.[67] Levy Gardens states that it now brings the same claims that it sought in "*Klein v. ALTA*."[68]

---

[62] *Id.* at 16.

[63] *Id.* (citing *Beckmann v. Bank of Am., N.A.*, 2015 U.S. Dist. LEXIS 185095 at *9 (N.D. Ga. Jan. 27, 2015) (quoting *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963))).

[64] Rec. Doc. 14 at 1.

[65] *Id.* at 2.

[66] *Id.* at 2 – 4.

[67] *Id.* at 5.

[68] *Id.* at 6.

However, Levy Gardens states that "no other litigant ha[s] presented the same data to a court of law in any proceeding."[69] Levy Gardens also includes with its opposition a letter Levy Gardens sent to the National Association of Insurance Commissioners in support of its claims.[70]

### C. Liskow Defendants' Reply in Further Support of the Motion to Dismiss

In reply, Liskow Defendants state that Levy Gardens failed to address or oppose its res judicata defense.[71] Liskow Defendants state that Levy Gardens seems to present a new legal theory in its opposition to the instant motion: that the underlying contracts between Levy Gardens and Lewis Title were not "contracts of insurance."[72] However, Liskow Defendants emphasize again that res judicata "bars re-litigation of all claims—asserted and unasserted—that arise from the same nucleus of operative fact as claims that were brought in prior litigation, and as a matter of law, res judicata is not rendered inapplicable because a litigant discovers a new legal theory after entry of a final judgment.[73] Thus, Liskow Defendants argue that Levy Gardens' claims are barred by res judicata because they are based on the same nucleus of operative fact as the claims that were dismissed with prejudice by Judge Englehardt in the 2012 Lawsuit.[74] Liskow Defendants argue that the claims are barred, despite the legal theory offered in the 2012 lawsuit, in which the claims against Lewis Title were dismissed, with prejudice.[75]

---

[69] *Id.* at 7.

[70] *Id.*

[71] Rec. Doc. 18 at 1.

[72] *Id.*

[73] *Id.* at 2 (citing *Brennan's, Inc. v. Brennan*, 377 F. Supp. 2d 579, 584 (E.D. La. 2005) (under the "transactional test" for res judicata, "a mere change in legal theory does not create a new cause of action")).

[74] *Id.*

[75] *Id.* at 4.

### D. Levy Gardens' Additional Filings in Further Opposition to the Motion to Dismiss

After the stay in this case was lifted, Levy Gardens provided the Court with several supplemental filings in further opposition to the motion to dismiss.[76] Levy Gardens alleges that these filings and the attached documents further support its argument that title insurance policies are not "contracts of insurance."[77] Levy Gardens alleges that this issue is presently pending before multiple state and federal courts and provides the Court with notice of allegedly relevant filings.[78]

## III. Legal Standard

### A. Motion to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[79] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[80] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[81] "Factual allegations must be enough to raise a right to relief above the speculative level."[82] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[83]

---

[76] Rec. Docs. 67, 68, 92, 98.

[77] *See generally* Rec. Docs. 67, 68, 92, 98.

[78] *See generally id.*

[79] Fed. R. Civ. P. 12(b)(6).

[80] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[81] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[82] *Twombly*, 550 U.S. at 556.

[83] *Id.* at 570.

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[84] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[85] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[86] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[87] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[88] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[89] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[90] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[91]

---

[84] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[85] *Iqbal*, 556 U.S. at 677–78.

[86] *Id.* at 679.

[87] *Id.* at 678.

[88] *Id.*

[89] *Id.*

[90] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[91] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## B. Res Judicata

The Fifth Circuit instructs that "generally, a party cannot base a 12(b)(6) motion on res judicata," since res judicata "must be pleaded as an affirmative defense" and addressed either at trial or on summary judgment.[92] However, where "both actions were brought before the same court," the Fifth Circuit holds that a court may sua sponte dismiss an action on res judicata grounds in the interest of judicial economy.[93] Likewise, a court may dismiss an action on res judicata grounds "where all of the relevant facts are contained in the record ... and all are uncontroverted."[94]

The Fifth Circuit has stated that "res judicata bars the subsequent litigation of claims that have been litigated or should have been raised in an earlier suit."[95] The Fifth Circuit has recognized that preclusion of a claim under res judicata requires four elements:

(1) the parties must be identical in the two actions;

(2) the prior judgment must have been rendered by a court of competent jurisdiction;

(3) there must be a final judgment on the merits; and

(4) the same claim or cause of action must be involved in both cases.[96]

---

[92] *Moch v. E. Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 n. 1 (5th Cir. 1977). *See also Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. App'x 662, 664 n. 1 (5th Cir.2004) ("Res judicata is an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial.").

[93] *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 281 (5th Cir. 2001). *See also LaCroix v. Marshall County, Miss.*, 409 Fed. App'x 794, 798–99 (5th Cir. 2011) ("There are two exceptions to this general rule. The first ... applies to 'actions [that] were brought before the same court[.]'. . .The other exception involves the situation in which all relevant data and legal records are before the court and the demands of comity, continuity in the law, and essential justice mandate judicial invocation of the principles of res judicata.").

[94] *Id. See, e.g. LaCroix v. Marshall Co., Miss.*, 409 Fed. App'x 794, 799 (5th Cir. 2011) ("The record is replete with information about the state-court proceedings, and the relevant facts are uncontroverted. The record contained everything the district court needed to rule on res judicata, including the entirety of the state-court complaint and the state trial court's final judgment. There is also a lengthy published opinion from the Mississippi Court of Appeals explaining the procedural history of the LaCroixs' Mississippi case.")

[95] *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007).

[96] *Id.*

Further, a subsequent claim may be barred under Federal Rule of Civil Procedure 41(a)(1)(B), which provides that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." The Fifth Circuit applies this "two dismissal rule" to prevent plaintiffs from filing a third consecutive complaint based on, or including, the same claim.[97]

## IV. Analysis

First, the Court must address whether Liskow Defendants can raise a res judicata defense in the instant motion to dismiss. While, the Fifth Circuit instructs that generally a party cannot base a motion to dismiss on res judicata, two exceptions apply: (1) where the actions were brought before the same court, and (2) where all of the relevant facts are contained in the record and are undisputed.[98] In the instant case, it is undisputed that Levy Gardens filed the 2010 lawsuit, the 2012 lawsuit, and the 2017 lawsuit, all bringing claims against Lewis Title and other defendants in state court.[99] It is further undisputed that all three of these cases were eventually removed to another section of the Eastern District of Louisiana, before being dismissed voluntarily by Levy Gardens, or being dismissed with prejudice after a final judgment by another section of this Court.[100] Liskow Defendants also include with the instant motion filings from the state court and federal court proceedings in the 2010 lawsuit, 2012 lawsuit, and 2017 lawsuit.[101] Therefore,

---

[97] *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).

[98] *Mowbray*, 274 F.3d at 281. *See also LaCroix*, 409 Fed. App'x at, 798–99 ("There are two exceptions to this general rule. The first ... applies to 'actions [that] were brought before the same court[.]'. . .The other exception involves the situation in which all relevant data and legal records are before the court and the demands of comity, continuity in the law, and essential justice mandate judicial invocation of the principles of res judicata.").

[99] *See* Rec. Doc. 6-1 at 2–7.

[100] *Id.*

[101] Rec. Docs. 6-2, 6-3, 6-4, 6-5, 6-6, 6-7, 6-8. 6-9, 6-10, 6-11, 6-12.

because the previous cases were brought before the same court, and because the relevant legal records are before this Court, the Court may evaluate the application of res judicata to the current case as presented in the instant Motion to Dismiss.

Liskow Defendants argue that res judicata bars Levy Gardens' claims because the claims in this pending lawsuit arise from the same 2008 closing and from Levy Gardens' purchase of title insurance that was the basis of their claims in the 2010 lawsuit, the 2012 lawsuit, and the 2017 lawsuit.[102] Liskow Defendants first argues that res judicata applies because the 2012 lawsuit was based on the same claims, involved parties in privity with one another, and another section of this Court reached a final judgment on the merits.[103] Liskow Defendants also argue that res judicata applies because Levy Gardens voluntarily dismissed the 2010 lawsuit and the 2017 lawsuit.[104] Levy Gardens does not dispute these factual assertions, instead focusing in its various filings on the substantive argument that title insurance is not "insurance."[105]

There are two bases upon which res judicata may apply in this case: (1) where a court has previously reached a final judgment, and (2) where a party has voluntarily dismissed the case twice previously.

## A. Res Judicata Based on a Final Judgment

The Fifth Circuit has stated that "res judicata bars the subsequent litigation of claims that have been litigated or should have been raised in an earlier suit."[106] The Fifth Circuit has recognized that preclusion of a claim under res judicata requires four elements:

---

[102] Rec. Doc. 6-1 at 2–7.

[103] *Id.* at 9–14.

[104] *Id.* at 16.

[105] *See generally* Rec. Docs. 14, 67, 68, 92, 98.

(1) the parties must be identical in the two actions;

(2) the prior judgment must have been rendered by a court of competent jurisdiction;

(3) there must be a final judgment on the merits; and

(4) the same claim or cause of action must be involved in both cases.[107]

Here, all four elements are met by the 2012 lawsuit. Looking at the first element, the parties must be identical.[108] However, "res judicata does not require strict identity of the parties," but rather requires only that the parties or those in privity with them were involved in the prior litigation.[109] The Fifth Circuit recognizes that privity exists "(1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit."[110] Courts within the Fifth Circuit have held that, where claims against a company's subsidiary were dismissed in prior litigation, the privity element of the res judicata analysis was met because the company's interests were adequately represented in the prior litigation.[111] Courts have specifically recognized that the first element of res judicata is satisfied where claims were previously dismissed against a related company, such as a subsidiary.[112]

---

[106] *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007).

[107] *Id.*

[108] *Id.*

[109] *Judy Chou Chiung-Yu Wang v. Prudential Ins. Co. of Am.*, 439 F. App'x 359, 364 (5th Cir. 2011).

[110] *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990).

[111] *Castay v. Ochsner Health Sys.*, 2015 U.S. Dist. LEXIS 97582 at *5-6 (*citing Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990)).

[112] *See, e.g., Simmtech,* 2016 U.S. Dist. LEXIS 102698 at *29 (identity of parties existed where plaintiff alleged that defendants "owned and controlled" affiliate that was a defendant in prior litigation); *ProtoComm Corp. v. Novell, Inc.*, 1998 U.S. Dist. LEXIS 9636 at *14 (E.D. Penn. June 29, 1998) (privity requirement met where company's subsidiary was dismissed in prior litigation).

Here, Lewis Title was a party to the 2012 lawsuit, but Liskow was not. Liskow Defendants represent that Lewis Title is a wholly-owned subsidiary of the Liskow parent company.[113] Likewise, in Levy Gardens' petition filed in the instant case, Levy Gardens alleged that (1) Lewis Title is Liskow's "captive title agent"; (2) Lewis Title and Liskow acted as a "team" when they allegedly "did not search the public Records" and "missed" the zoning ordinance that prohibited Levy Gardens from using the Property as intended; and (3) Lewis Title and Liskow were an "affiliated business arrangement" ("ABA") under federal law.[114] Based on the business relationship between Liskow and Lewis Title the Court finds that the parties were in privity and Liskow's interests were adequately represented in the 2012 lawsuit. Therefore, the first element of res judicata is satisfied in this case.

The second and third elements of res judicata require that there be a final judgment in the previous case rendered by a court of competent jurisdiction.[115] The 2012 lawsuit ended when a final judgment was issued by another section of this Court, which was wholly competent to decide the dispute.[116] On August 21, 2012, the Honorable Kurt D. Engelhardt issued an Order and Reasons dismissing all claims that Levy Gardens asserted against Lewis Title.[117] Judge Engelhardt held that any alleged negligence claim against Lewis Title was perempted under Louisiana Revised Statute 9:5606, that Levy Gardens had not alleged "deceptive intent" on the part of Lewis Title and had

---

[113] Rec. Doc. 6-1 at 12.

[114] Rec. Doc. 6-11 at 1–2.

[115] *Id.*

[116] Rec. Doc. 6-5.

[117] Rec. Doc. 6-6.

"not shown any possible basis for recovery against Lewis Title."[118] Further, on October 30, 2012, on the request of Levy Gardens, Judge Englhardt issued a final judgment dismissing with prejudice all claims in the case.[119] The dismissal and final judgment, entered by another section of this Court, satisfies the second and third elements of res judicata.

The fourth element of res judicata states that the same claim or cause of action must be involved in both cases.[120] The Fifth Circuit has adopted the Restatement (Second) of Judgment's transactional test with respect to this inquiry and requires that the two actions be based on the same "nucleus of operative facts."[121] As the Fifth Circuit has explained, "the application of res judicata has been limited to issues of fact or law necessary to the decision in the prior judgment."[122] Making a determination of whether the same nucleus of operative facts is present requires that the court analyze "the factual predicate of the claims asserted."[123]

In the 2012 lawsuit, Levy Gardens brought claims related to the 2008 closing on the Property and on the related title insurance policies, arguing that: (1) it was "fraud" to limit Levy Gardens recovery under the policy; (2) Lewis Title was liable for "negligent abstracting" for failing to discern applicable zoning regulations; and (3) "title insurance is not insurance."[124] In the instant case, Levy Gardens again brings claims focusing on the 2008 closing and the purchase of title insurance, alleging (1) the title insurance policies are not "contracts of insurance;" (2) Liskow

---

[118] *Id.* at 8.

[119] *See* Rec. Docs. 6-7, 6-12.

[120] *In re Ark-La-Tex Timber Co., Inc.,* 482 F.3d 319, 330 (5th Cir. 2007).

[121] *Eubanks v. F.D.I.C.,* 977 F.2d 166, 171 (5th Cir. 1992).

[122] *Rhoades v. Penfold,* 694 F.2d 1043, 1048 (5th Cir. 1983).

[123] *Eubanks,* 977 F.2d at 171.

[124] Rec. Doc. 6-1 at 5 (citing Rec. Doc. 6-5 at 14–19).

Defendants are "responsible for the negligent abstract of the property and/or the failure to search the public records properly;" and (3) the Liskow Defendants are liable for fraud based on the recovery limit set out in the policy.[125] Based on these filings, it is evident that both the 2012 lawsuit and the current action arose from the same nucleus of operative fact: Levy Gardens' 2008 closing on the property and contemporaneous purchase of title insurance.[126] Therefore, the final element of res judicata is satisfied and this action is precluded by the final judgment this Court rendered in the 2012 lawsuit. Because all four elements of res judicata are satisfied, the Court finds a proper basis for dismissal.

### B. Res Judicata based on Voluntary Dismissal

In the alternative, a subsequent claim may also be barred under Federal Rule of Civil Procedure 41(a)(1)(B), which provides that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." The Fifth Circuit applies this "two dismissal rule" to prevent plaintiffs from filing a third consecutive complaint based on, or including, the same claim.[127] "[T]he purpose of the two dismissal rule under Rule 41(a)(1)(B) is to prevent unreasonable abuse and harassment brought about by duplicative litigation" by the plaintiff.[128] Thus, a plaintiff's voluntary dismissal of a second lawsuit "closes the case with prejudice to the bringing of another."[129] The Fifth Circuit

---

[125] *Id.* at 15 (citing Rec. Doc. 6-10 at 3–6).

[126] To the extent Levy Gardens attempts to argue new legal theories, these arguments do not affect the Court's analysis of res judicata. As a matter of law, res judicata is not rendered inapplicable because a litigant discovers a new legal theory after entry of a final judgment. *See, e.g., Brennan's, Inc. v. Brennan*, 377 F. Supp. 2d 579, 584 (E.D. La. 2005) (under the "transactional test" for res judicata, "a mere change in legal theory does not create a new cause of action").

[127] *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).

[128] *Id.*

[129] *Id.*

has found that where, as here, the question before the court is whether a third suit is barred by the two-dismissal rule, it is appropriate to apply the test for res judicata.[130]

Liskow Defendants argue that the two-dismissal rule also bars Levy Gardens claims in the instant case because Levy Gardens voluntarily dismissed the 2010 lawsuit and the 2017 lawsuit, which were both based on the 2008 closing of the Property and subsequent purchase of title insurance.[131] However, the Court need not find whether these cases are derived from the "same claim" or whether the "two-dismissal rule" applies at this time, as the Court has already identified an independent basis for the application of the doctrine of res judicata in this case.

## V. Conclusion

The Court may evaluate res judicata at the dismissal stage in this case because a previous case was brought before the same court, and because the relevant legal records are in the record before this Court. There are two bases upon which the Court may apply res judicata: (1) where a court has previously reached a final judgment, and (2) where a party has voluntarily dismissed the case twice previously. The Court finds that res judicata applies in this case based on the 2012 lawsuit, wherein this Court issued a final judgment dismissing the same claims against Levy Gardens and a party in privity with Liskow Defendants. The Court does not need to find whether the "two-dismissal rule" applies at this time, as one basis for res judicata is sufficient to bar Levy

---

[130] *See, e.g., Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP,* 575 Fed. Appx. 216 (5th Cir. 2014) (affirming dismissal based on res judicata through operation of the two-dismissal rule); *Beckmann*, 2015 U.S. Dist. LEXIS 185095 at *11 (applying res judicata analysis in conjunction with two-dismissal rule).

[131] Rec. Doc. 6-1 at 2 (citing Rec. Doc. 6-2 at 3–8); Rec. Doc. 6-1 at 6 (citing Rec. Doc. 6-8 at 7–39).

Gardens' instant claims. Therefore, the Court will grant Liskow Defendants' Motion to Dismiss. Accordingly,

**IT IS HEREBY ORDERED** that Liskow Defendants' Motion to Dismiss[132] is **GRANTED** because this Court previously issued a final judgment dismissing the same claims against Levy Gardens and a party in privity with Liskow Defendants.

**NEW ORLEANS, LOUISIANA**, this 12th day of April, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[132] Rec. Doc. 6.