UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIRST NBC BANK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6652** |
| **LEVY GARDENS PARTNERS 2007, LP** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Defendant Levy Gardens Partners 2007, LP's ("Levy Gardens") "Motion to Dismiss."[1] In the motion, Levy Gardens argues that the Court should dismiss this matter because Girod LoanCo, LLC ("Girod") does not exist.[2] Having considered the motion, the memorandum in support, the memorandum in response, and the applicable law, the Court will deny the motion.

## I. Background

On March 14, 2017, First NBC Bank of New Orleans, LA ("First NBC") brought a foreclosure action by executory process against Levy Gardens in the Civil District Court for the Parish of Orleans, State of Louisiana.[3] In that action, Levy Gardens asserted a third-party demand against Lewis Title Company, Inc. and Liskow & Lewis, PLC (collectively, the "Liskow Defendants").[4]

On April 28, 2017, First NBC was closed by the Louisiana Office of Financial Institutions,

---

[1] Rec. Doc. 140.

[2] Rec. Doc. 140-1 at 1.

[3] *See* Rec. Doc. 1-2; *see also* Rec. Doc. 13-1 at 1.

[4] Rec. Doc. 1-3.

1

and the FDIC-R was named receiver.[5] On July 11, 2017, the FDIC-R filed a Motion for Substitution of Parties in the state action, as the FDIC-R notified parties that it succeeded to all rights, titles, powers, and privileges of First NBC.[6] Moreover, on July 11, 2017, the FDIC-R filed a Notice of Removal, removing the state action to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441.[7]

On October 5, 2017, this Court granted a motion to stay this matter pending exhaustion of administrative remedies filed by FDIC-R.[8] On December 5, 2017, this Court granted a "Motion to Substitute Party Plaintiff," substituting Girod for First NBC Bank pursuant to Federal Rule of Civil Procedure 25(c).[9] This Court found that Rule 25(c) provides that when there is a transfer of interest, the Court may substitute the transferee as the party litigant.[10] Further, this Court found that Girod was the holder of the note described in and attached to the state-court Petition that initiated this civil action, having acquired same from the FDIC-R as Receiver for First NBC.[11] The Court found that Girod should be substituted as the party plaintiff due to the closure of First NBC Bank, and the fact that Girod is the current holder of the note that forms the basis of this litigation.[12]

On September 18, 2018, upon a motion by Levy Gardens, the Court reopened the case.[13]

---

[5] Rec. Doc. 13-1 at 1.

[6] *See* Rec. Doc. 1-4; *see also* Rec. Doc. 13-1 at 2.

[7] Rec. Doc. 1; *see also* Rec. Doc. 13-1 at 2.

[8] Rec. Doc. 57.

[9] Rec. Doc. 61.

[10] *Id.* at 2.

[11] *Id.*

[12] *Id.*

[13] Rec. Doc. 66.

On April 12, 2019, the Court granted a "Rule 12(b)(6) Motion to Dismiss"[14] filed by the Liskow Defendants because this Court had previously issued a final judgment dismissing the same claims against Levy Gardens and a party in privity with Liskow Defendants.[15] On April 29, 2019, the Court entered a final judgment pursuant to Federal Rule of Civil Procedure 54(b) against Levy Gardens and in favor of the Liskow Defendants, dismissing all claims that Levy Gardens had asserted against the Liskow Defendants in this action with prejudice.[16] On May 7, 2019, Levy Gardens filed a notice of appeal.[17] On July 19, 2019, the United States Court of Appeals for the Fifth Circuit dismissed the appeal for want of prosecution.[18] On August 16, 2019, the Fifth Circuit denied Levy Gardens' motion to reinstate the appeal.[19] On October 28, 2019, Levy Gardens filed a "Motion to Direct the Clerk to File a Petition for a Writ of Certiorari Out of Time" before the United States Supreme Court.[20] On November 25, 2019, this motion was denied.[21]

On October 16, 2019, Levy Gardens filed the instant motion to dismiss.[22] On October 29, 2019, Girod filed an opposition to the motion.[23]

---

[14] Rec. Doc. 6.

[15] Rec. Doc. 111.

[16] Rec. Doc. 116.

[17] Rec. Doc. 119.

[18] Rec. Doc. 129.

[19] Rec. Doc. 132.

[20] Rec. Doc. 154-1.

[21] *Levy Gardens Partners 2007, L.P. v. Lewis Title Co., Inc., et al.*, __ S. Ct. __, 2019 WL 6257400 (Nov. 25, 2019).

[22] Rec. Doc. 140.

[23] Rec. Doc. 145.

## II. Parties' Arguments

A.  *Levy Gardens' Arguments in Support of the Motion to Dismiss*

In support of the motion, Levy Gardens first argues that the only reason this case is pending before this Court is because it was removed by the FDIC pursuant to FIRREA, which is no longer applicable.[24] According to Levy Gardens, such an argument must be considered by the Court *sua sponte*.[25] Nevertheless, Levy Gardens asserts that "there is an easier, more compelling and public policy reason why this case should be dismissed now."[26]

Specifically, Levy Gardens argues that this case must be dismissed because Girod does not exist.[27] Levy Gardens disputes statements made by Girod in prior litigation indicating that it is a limited liability company that is owned by three other limited liability companies.[28] Levy Gardens argues that Girod is a Delaware Tilting Trust, which is "created solely to defraud creditors," and which has "no redeeming social, monetary or regulatory value."[29] Levy Gardens contends that Girod is not a "'person who can enjoy the privileges of using Louisiana Courts to cash their bets."[30] Levy Gardens argues that Girod is a "Vulture Fund," known for buying distressed debt, bloating numbers and taking from debtors.[31] Levy Gardens contends that Girod is not registered in Louisiana or Texas and cannot be found in Delaware.[32] Therefore, Levy Gardens argues that

---

[24] Rec. Doc. 140-1 at 1.

[25] *Id*.

[26] *Id*.

[27] *Id*.

[28] *Id*.

[29] *Id*. at 1-2.

[30] *Id*. at 2.

[31] *Id*.

[32] *Id*.

4

the Girod claim against it should be dismissed.[33]

### B. *Girod's Arguments in Opposition to the Motion to Dismiss*

In opposition, Girod argues that the motion is contradictory to well-settled Fifth Circuit precedent that "a post-removal substitution of parties does not divest a court of subject-matter jurisdiction over the removed action."[34] Further, Girod contends that the notion that it does not exist is contrary to the record of this case, the records from the Delaware Secretary of State, and common sense; therefore, Girod argues, this motion has no merit and should be denied.[35]

First, Girod argues that this Court has original jurisdiction over this civil action.[36] Girod contends that Levy Gardens' argument that this Court lost subject-matter jurisdiction over the action after Girod was substituted for the FDIC, is contrary to Fifth Circuit precedent.[37] Girod begins by reviewing the procedural history of this case—the FDIC removed this action to this Court pursuant to 28 U.S.C. § 1441(a) and 12 U.S.C. § 1819(b)(2)(B), a subsection of the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA").[38] Girod contends that "FIRREA provides the FDIC with the authority to remove a proceeding to which it is a party and provides that any action so removed 'shall be deemed to arise under the laws of the United States.'"[39] Therefore, Girod argues that actions to which the FDIC is a party are within the original

---

[33] Rec. Doc. 140-1 at 2-3.

[34] Rec. Doc. 145 at 1.

[35] *Id*.

[36] *Id*. at 4.

[37] *Id*.

[38] *Id*.

[39] *Id*. (citing 12 U.S.C. § 1819(b)(2)(A)).

subject-matter jurisdiction of a federal district court.[40] Girod contends that after it purchased the Note from the FDIC, Girod sought to replace the FDIC as the party-plaintiff in this action.[41] Girod argues that Levy Gardens consented to Girod's "Motion to Substitute," and that this Court granted the motion, thereby substituting Girod for the FDIC as the party-plaintiff in this action.[42]

Girod contends that "Fifth Circuit precedent is clear that if the FDIC removes an action under FIRREA, the district court retains original subject-matter jurisdiction under 12 U.S.C. § 1819 after the FDIC ceases to be a party."[43] Girod argues that this decision regarding FIRREA-based removals specifically is consistent with the general rule that jurisdiction is determined at the time of removal, and that post-removal events rarely divest a court of its jurisdiction.[44] Girod contends that when this case was removed, this Court had original jurisdiction pursuant to 28 U.S.C. § 1441(a) and 12 U.S.C. § 1819(b)(2)(B).[45] Girod argues that the Court's December 5, 2017 Order substituting Girod for the FDIC as party-plaintiff in this action did not divest the Court of jurisdiction.[46]

Second, Girod argues that Levy Gardens' claim that Girod "doesn't exist" is false and without merit.[47] Girod contends that "[l]imited liability companies are 'juridical persons' under

---

[40] *Id.*

[41] *Id.* (citing Rec. Doc. 59).

[42] *Id.* at 4-5 (citing Rec. Doc. 59).

[43] *Id.* at 5 (citing *FSLIC v. Griffin*, 935 F. 2d 691, 697 (5th Cir. 1991); *Adair v. Lease Partners, Inc.*, 587 F. 3d 238, 242-43 (5th Cir. 2009); *BLS Joint Venture v. Bank Home Savings Assoc.*, 1993 WL 35859 (5th Cir. 1993); *Bank of Commerce v. Hoffman*, 829 F. 3d 542 (7th Cir. 2016)).

[44] *Id.* (citing *Asociacion Nacional de Pescadores v. Dow Quimica de Columbia, S.A.*, 988 F. 2d 559, 565 (5th Cir. 1993), cert. denied, 510 U.S. 1041, 114 S. Ct. 685, 126 L. Ed. 2d 653 (1994)).

[45] *Id.*

[46] *Id.*

[47] *Id.*

Louisiana law."[48] Girod argues that this Court has already recognized Girod as the entity that purchased the note and that Girod has been participating in this legal action for two years.[49] Lastly, Girod contends that Levy Garden' defamatory descriptions of Girod are irrelevant.[50]

### III. Legal Standard

#### A.    *Legal Standard on a Rule 12(b)(1) Motion to Dismiss*

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by the Constitution and statute."[51] Thus, under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[52] In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on: (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts.[53] The plaintiff, as the party asserting jurisdiction, has the burden of proving subject matter jurisdiction by a preponderance of the evidence.[54]

### IV. Analysis

In support of the motion to dismiss, Levy Gardens makes two arguments: (1) that the Court no longer has subject-matter jurisdiction because the FDIC is no longer a party and (2) that Girod

---

[48] Rec. Doc. 145 at 5-6 (citing *Danos Tree Service, LLC v. Proride Trailers, LLC*, 2017-1546 (La. App. 1 Cir. 7/10/18), 255 So. 3d 1078, 1084).

[49] Rec. Doc. 145 at 6.

[50] Rec. Doc. 145 at 6.

[51] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[52] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1000 (5th Cir. 1998) (internal citation omitted).

[53] *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). *See also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[54] *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (internal citations omitted).

7

does not exist.[55] The Court will address both arguments in turn.

### A. *Whether the Court Retains Subject Matter Jurisdiction*

Levy Gardens argues that the FIRREA, the basis by which the FDIC removed this action to federal court, is no longer applicable because the FDIC is no longer a party.[56] In response, Girod contends that the Court has original jurisdiction over this civil action.[57] Girod argues that if the FDIC removes an action under FIRREA, the district court retains original subject-matter jurisdiction even if the FDIC is replaced by another party. [58]

The FDIC removed this action from state court to the United States District Court for the Eastern District of Louisiana pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441.[59] 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[60] 12 U.S.C. § 1819(b)(2)(B) provides that the FDIC may "remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party."[61] The jurisdictional provision of

---

[55] Rec. Doc. 140-1.

[56] *Id*. at 1.

[57] Rec. Doc. 145 at 4.

[58] *Id*. at 5 (citing *FSLIC v. Griffin*, 935 F.2d 691, 697 (5th Cir. 1991); *Adair v. Lease Partners, Inc.*, 587 F.3d 238, 242-43 (5th Cir. 2009); *BLS Joint Venture v. Bank Home Savings Assoc.*, 1993 WL 35859 (5th Cir. 1993); *Bank of Commerce v. Hoffman*, 829 F. 3d 542 (7th Cir. 2016)).

[59] Rec. Doc. 1 at 1.

[60] 28 U.S.C. § 1441(a).

[61] 12 U.S.C. § 1819(b)(2)(B).

12 U.S.C. § 1819 provides, in its pertinent part, that "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States."[62] The statute, however, does not address what happens to the district court's jurisdiction when the FDIC is no longer a party to the case.

The Fifth Circuit addressed this question in *Adair v. Lease Partners, Inc.*[63] There, the Fifth Circuit reviewed a district court's decision to remand a case that was removed to federal court by the FDIC pursuant to 12 U.S.C. § 1819(b)(2).[64] After the FDIC was dismissed as a party, the district court held that no original jurisdiction remained over the plaintiff's claims.[65] The Fifth Circuit reversed the district court's determination, holding that district courts retain original jurisdiction even after the FDIC is dismissed.[66] The Fifth Circuit relied on the general rule that the jurisdiction of the Court is determined at the time of removal.[67] "The power to remove is evaluated at the time of removal. The dismissal of one of the parties by the time of appeal does not affect the propriety of removal."[68] Therefore, the Fifth Circuit held that despite the FDIC's dismissal, the district court retained original jurisdiction, and the exercise of that jurisdiction was mandatory for the district court.[69]

Here, as in *Adair*, the FDIC removed the case under § 1819(b)(2)(B).[70] On December 5,

---

[62] 12 U.S.C. § 1819(b)(2)(A).

[63] 587 F.3d 238 (5th Cir. 2009).

[64] *Id*. at 239.

[65] *Id*. at 240.

[66] *Id*. at 242-43.

[67] *Id*. at 244.

[68] *Federal Sav. & Loan Ins. Corp. v. Griffin*, 935 F.2d 691, 696 (5th Cir. 1991).

[69] *Adair*, 587 F.3d at 245.

[70] Rec. Doc. 1.

9

2017, this Court granted a "Motion to Substitute Party Plaintiff," substituting Girod for First NBC Bank pursuant to Federal Rule of Civil Procedure 25(c).[71] As noted in the prior Order of this Court, Rule 25(c) provides that when there is a transfer of interest, the Court may substitute the transferee as the party litigant.[72] Further, this Court found that Girod was the holder of the note described in and attached to the state-court Petition that initiated this civil action, having acquired same from the FDIC-R as Receiver for First NBC.[73] The Court found that Girod should be substituted as the party plaintiff due to the closure of First NBC Bank, and the fact that Girod is the current holder of the note that forms the basis of this litigation.[74]

Despite the dismissal of the FDIC, all the claims in a case removed by the FDIC under § 1819(b)(2)(B) continue to arise under federal law and support continuing original federal jurisdiction. Therefore, this Court retains original jurisdiction over this matter.

### B. *Whether Girod is a Legal Entity Capable of Suing and Being Sued*

Levy Gardens contends that Girod is not a "person" who should enjoy the privileges of the Louisiana courts, because it is not a person who can sue or be sued.[75] Girod argues that Levy Gardens' claims regarding Girod's existence are false and without merit.[76] Lastly, Girod contends that Levy Garden' defamatory descriptions of Girod are irrelevant.[77]

Under Louisiana law, an entity must qualify as a juridical person before it may instigate

---

[71] Rec. Doc. 61.

[72] *Id.* at 2.

[73] *Id.*

[74] *Id.*

[75] Rec. Doc. 140-1 at 2.

[76] Rec. Doc. 145.

[77] *Id*. at 6.

10

litigation or be sued.[78] In Louisiana, "[a] juridical person is an entity to which the law attributes personality, such as a corporation or a partnership."[79] Furthermore, under Louisiana law, "[c]orporations and limited liability companies are recognized juridical persons."[80] Girod is a limited liability company organized under the laws of the state of Delaware.[81] Therefore, Girod is a juridical person under Louisiana law. In Louisiana, juridical persons are granted "the power to participate in legal life by the attribution of legal personality."[82] Therefore, the Court finds that Levy Gardens' argument regarding Girod's existence is without merit; Girod is a juridical person under Louisiana law capable of instigating litigation.

Accordingly,

**IT IS HEREBY ORDERED** Levy Gardens Partners 2007, LP's "Motion to Dismiss"[83] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this __12th__ day of December, 2019.

                                           **NANNETTE JOLIVETTE BROWN**
                                           **CHIEF JUDGE**
                                           **UNITED STATES DISTRICT COURT**

---

[78] *See, e.g.*, *Dugas v. City of Breaux Bridge Police Dep't*, 757 So.2d 741, 743 (La. App. 3 Cir. 2000).

[79] La. Civ. Code Ann. art. 24.

[80] *Danos Tree Service, LLC v. Proride Trailers, LLC*, 255 So. 3d 1078, 1084 (La. Ct. App. 1st Cir. 2018).

[81] Rec. Doc. 145-1.

[82] *Brown v. State Farm Fire & Cas. Co.*, 804 So.2d 41, 45 (La. App. 1st Cir. 2001) (citing Prof. A.N. Yiannopoulos, Louisiana Civil Law System § 48 (1977)).

[83] Rec. Doc. 140.