# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIRST NBC BANK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6652** |
| **LEVY GARDENS PARTNERS 2007, LP** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Plaintiff Girod LoanCo, LLC's ("Girod") "Ex Parte Motion for Expedited Hearing on Motion to Enforce Settlement Agreement."[1] In the motion, Girod requests an expedited hearing on its "Motion to Enforce Settlement Agreement."[2] Girod filed the motion to expedite so that its motion to enforce could be "set for hearing as soon as possible in light of this Court's prior orders as well as this Court's desire (and Girod's desire) for resolution on the form of judgment without further delay."[3]

On December 12, 2019, this Court granted Girod's Motion for Summary Judgment, finding that Girod is entitled to enforce payment of the Promissory Note at issue.[4] Specifically, the Court found that Girod established a *prima facie* case to enforce the Promissory Note and that Defendant Levy Gardens Partners 2007, LP ("Levy Gardens") failed to establish any defenses by a preponderance of the evidence.[5] The Court's Order directed Girod to submit a proposed judgment, including all sums due under the Promissory Note, within fourteen days of the Order

---

[1] Rec. Doc. 177.

[2] Rec. Doc. 176.

[3] Rec. Doc. 177 at 3.

[4] Rec. Doc. 171.

[5] *Id*. at 16-18.

1

granting summary judgment.[6] Additionally, the Court ordered Girod to file a separate motion regarding attorneys' fees and costs within fourteen days of the Order granting summary judgment.[7]

On December 26, 2019, Girod filed an "Ex Parte/Consent Motion for Entry of Agreed Final Judgment."[8] In the motion, Girod requested that the Court grant the proposed "Agreed Final Judgment,"[9] which Girod contends "will completely resolve this civil action" because it "awards attorneys' fees in an amount agreed upon by Girod and Levy Gardens."[10] In the alternative, and only if the Court denies the motion and does not enter a judgment, Girod requests that the Court extend the deadline to submit a proposed judgment and a motion regarding attorneys' fees and costs until fourteen (14) days after this motion is denied.[11]

In the Consent Motion, Girod stated that Levy Gardens consents and agrees to the motion and the Agreed Final Judgment.[12] However, on December 26, 2019, Levy Gardens filed an "Objection to Ex Parte Filing."[13] In the Objection, Levy Gardens stated that an agreement was reached during settlement discussions with the Magistrate Judge whereby Heisler Properties, LLC would purchase the note and all rights from Girod.[14] However, the Court was never informed that

---

[6] *Id*. at 21.

[7] *Id*.

[8] Rec. Doc. 172.

[9] Rec. Doc. 172-1.

[10] Rec. Doc. 172 at 2.

[11] *Id*. at 3.

[12] *Id*. at 1 ("Plaintiff, Girod LoanCo, LLC ("Girod") files this Ex Parte / Consent Motion for Entry of Agreed Final Judgment with the consent and agreement of Defendant Levy Gardens Partners 2007.").

[13] Rec. Doc. 173.

[14] *Id*. at 1.

a final compromise was reached between the parties.[15] Levy Gardens objects to the Ex Parte Filing because "undersigned counsel," Henry L. Klein, states that "the key role in negotiating the settlement was handled by [additional counsel of record for Levy Gardens] Michael G. Bagneris" and that therefore, additional time is needed to confer regarding the settlement.[16]

On December 31, 2019, this Court issued its Order and Reasons regarding the Consent Motion and Objection.[17] The Court ordered that if Levy Gardens consents to the "Agreed Final Judgment" and intends to withdraw its "Objection to Ex Parte Filing," that it do so by January 6, 2020.[18] The Court further ordered that if Levy Gardens does not withdraw its "Objection to Ex Parte Filing," Girod shall submit a proposed judgment, including all sums due under the Promissory Note, by January 13, 2020.[19] Furthermore, the Court ordered that if Levy Gardens does not withdraw its "Objection to Ex Parte Filing," Girod shall also file a motion regarding attorneys' fees and costs by January 13, 2020.[20] The Court reiterated that it would not tolerate any further delay in entering judgment in this matter.[21]

On January 6, 2020, Levy Gardens filed its "Response to Order, Doc 174."[22] Levy Gardens stated that it could not withdraw its objections to the Consent Motion because the "documentation

---

[15] *See, e.g.*, Rec. Doc. 167 ("Substantial progress toward settlement was made. Settlement discussions are continuing. As soon as possible, counsel for plaintiff will provide defense counsel with the form of the proposed note sale instrument, consent judgment and forbearance of execution agreement.").

[16] *Id.*

[17] Rec. Doc. 174.

[18] *Id.* at 7.

[19] *Id.*

[20] *Id.*

[21] *Id.* at 6-7.

[22] Rec. Doc. 175.

proposed by Girod was *not* what was agreed."[23] On January 10, 2020, Girod filed a "Motion to Enforce Settlement Agreement."[24] Also on January 10, 2020, Girod filed an "Ex Parte Motion for Expedited Hearing on Motion to Enforce Settlement Agreement,"[25] requesting an expedited hearing on its "Motion to Enforce Settlement Agreement."[26] Girod filed the motion to expedite so that its motion to enforce could be "set for hearing as soon as possible in light of this Court's prior orders as well as this Court's desire (and Girod's desire) for resolution on the form of judgment without further delay."[27]

The Court finds that setting Girod's Motion to Enforce Settlement Agreement for hearing on an expedited basis is unnecessary at this time. The Court reiterates that the submission date for the motion to enforce remains set for January 29, 2020, with any opposition due in accordance with Local Rule 7.5. Accordingly,

**IT IS HEREBY ORDERED** that Girod LoanCo, LLC's "Ex Parte Motion for Expedited Hearing on Motion to Enforce Settlement Agreement"[28] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this ___17th___ day of January 2020.

**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[23] *Id*. at 1 (emphasis original).

[24] Rec. Doc. 176.

[25] Rec. Doc. 177.

[26] Rec. Doc. 176.

[27] Rec. Doc. 177 at 3.

[28] Rec. Doc. 177.