UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIRST NBC BANK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6652** |
| **LEVY GARDENS PARTNERS 2007, LP** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Plaintiff Girod LoanCo, LLC's ("Girod") "Motion for Judicial Sale of Realty and Order Setting Foreclosure Procedures."[1] In the motion, Girod moves the Court for the entry of an order setting a judicial sale of realty by the United States Marshal and establishing the procedures for the foreclosure sale of the mortgaged property at issue in this civil action pursuant to 28 U.S.C. §§ 2001(a) and 2002, and pursuant to the Agreed Final Judgment entered by this Court on February 6, 2020.[2] Defendant Levy Gardens Partners 2007, LP ("Levy Gardens") opposes the motion.[3] Having reviewed the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

In 2008, Levy Gardens purchased property (the "Property") located in New Orleans.[4] After the purchase, certain third parties sued Levy Gardens in state court to enforce a 1985 zoning ordinance.[5] Their lawsuit was successful and, as a result, Levy Gardens was unable to use the

---

[1] Rec. Doc. 192.

[2] *Id.*

[3] Rec. Doc. 194.

[4] Rec. Doc. 6-1 at 1.

[5] *Id.*

1

Property as it had intended.[6] On March 14, 2017, First NBC brought a foreclosure action by executory process against Levy Gardens in the Civil District Court for the Parish of Orleans, State of Louisiana.[7] In that action, Levy Gardens asserted a third-party demand against Lewis Title Company, Inc. and Liskow & Lewis, PLC (collectively, the "Liskow Defendants").[8]

On April 28, 2017, First NBC was closed by the Louisiana Office of Financial Institutions, and the FDIC-R was named receiver.[9] On July 11, 2017, the FDIC-R filed a Motion for Substitution of Parties in the state action, as the FDIC-R notified parties that it succeeded to all rights, titles, powers, and privileges of First NBC.[10] Moreover, on July 11, 2017, the FDIC-R filed a Notice of Removal, removing the state action to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441.[11]

On October 5, 2017, this Court granted a motion to stay this matter pending exhaustion of administrative remedies filed by FDIC-R.[12] On December 5, 2017, this Court granted a "Motion to Substitute Party Plaintiff," substituting Girod for First NBC Bank pursuant to Federal Rule of Civil Procedure 25(c).[13] This Court found that Rule 25(c) provides that when there is a transfer of interest, the Court may substitute the transferee as the party litigant.[14] Further, this Court found that Girod was the holder of the note described in and attached to the state-court

---

[6] *Id.*

[7] *See* Rec. Doc. 1-2; *see also* Rec. Doc. 13-1 at 1.

[8] Rec. Doc. 1-3.

[9] Rec. Doc. 13-1 at 1.

[10] *See* Rec. Doc. 1-4; *see also* Rec. Doc. 13-1 at 2.

[11] Rec. Doc. 1; *see also* Rec. Doc. 13-1 at 2.

[12] Rec. Doc. 57.

[13] Rec. Doc. 61.

[14] *Id.* at 2.

Petition that initiated this civil action, having acquired same from the FDIC-R as Receiver for First NBC.[15] The Court found that Girod should be substituted as the party plaintiff due to the closure of First NBC Bank, and the fact that Girod is the current holder of the note that forms the basis of this litigation.[16]

On September 18, 2018, upon a motion by Levy Gardens, the Court reopened the case.[17] On April 12, 2019, the Court granted a "Rule 12(b)(6) Motion to Dismiss"[18] filed by the Liskow Defendants because this Court had previously issued a final judgment dismissing the same claims against Levy Gardens and a party in privity with Liskow Defendants.[19] On April 29, 2019, the Court entered a final judgment pursuant to Federal Rule of Civil Procedure 54(b) against Levy Gardens and in favor of the Liskow Defendants, dismissing all claims that Levy Gardens had asserted against the Liskow Defendants in this action with prejudice.[20] On May 7, 2019, Levy Gardens filed a notice of appeal.[21] On July 19, 2019, the United States Court of Appeals for the Fifth Circuit dismissed the appeal for want of prosecution.[22] On August 16, 2019, the Fifth Circuit denied Levy Gardens' motion to reinstate the appeal.[23] On October 28, 2019, Levy Gardens filed a "Motion to Direct the Clerk to File a Petition for a Writ of Certiorari Out of Time" before the

---

[15] *Id.*

[16] *Id.*

[17] Rec. Doc. 66.

[18] Rec. Doc. 6.

[19] Rec. Doc. 111.

[20] Rec. Doc. 116.

[21] Rec. Doc. 119.

[22] Rec. Doc. 129.

[23] Rec. Doc. 132.

United States Supreme Court.[24] On November 25, 2019, the Supreme Court denied the motion.[25]

On September 10, 2019, Girod filed a motion for summary judgment.[26] On September 17, 2019, Levy Gardens filed an "Unopposed Motion to Extend Time to Respond to Motion for Summary Judgement Field by Girod."[27] The Court granted Levy Gardens' motion and stated that any opposition by Levy Garden must be filed by September 23, 2019.[28] Levy Gardens did not file an opposition to the motion for summary judgment.[29] On September 26, 2019, Girod filed a "Notice of No Opposition to Motion for Summary Judgment."[30]

On December 12, 2019, this Court granted Girod's Motion for Summary Judgment, finding that Girod is entitled to enforce payment of the Promissory Note at issue.[31] Specifically, the Court found that Girod established a *prima facie* case to enforce the Promissory Note and that Levy Gardens failed to establish any defenses by preponderance of the evidence.[32] The Court's Order directed Girod to submit a proposed judgment, including all sums due under the Promissory Note, within fourteen days of the Order granting summary judgment.[33] Additionally, the Court ordered Girod to file a separate motion regarding attorneys' fees and costs within fourteen days

---

[24] Rec. Doc. 154-1.

[25] *Levy Gardens Partners 2007, L.P. v. Lewis Title Co., Inc., et al.*, __ S. Ct. __, 2019 WL 6257400 (Nov. 25, 2019).

[26] Rec. Doc. 134.

[27] Rec. Doc. 135.

[28] Rec. Doc. 136.

[29] On September 26, 2019, Levy Gardens attempted to file an opposition to the motion for summary judgment. Rec. Doc. 138. The filing was marked deficient by the Clerk of Court, and Levy Gardens did not remedy the deficiency. Therefore, Levy Gardens never properly filed an opposition to the motion for summary judgment.

[30] Rec. Doc. 137.

[31] Rec. Doc. 171.

[32] *Id*. at 16-18.

[33] *Id*. at 21.

of the Order granting summary judgment.[34]

On December 26, 2019, Girod filed an "Ex Parte/Consent Motion for Entry of Agreed Final Judgment" ("Consent Motion").[35] However, on December 26, 2019, Levy Gardens filed an "Objection to Ex Parte Filing."[36] On December 31, 2019, this Court issued an Order and Reasons regarding the Consent Motion and Objection.[37] The Court ordered that if Levy Gardens consents to the "Agreed Final Judgment" and intends to withdraw its "Objection to Ex Parte Filing," that it do so by January 6, 2020.[38] On January 6, 2020, Levy Gardens filed a "Response to Order, Doc 174."[39] Levy Gardens stated that it could not withdraw its objections to the Consent Motion because the "documentation proposed by Girod was *not* what was agreed."[40]

On January 10, 2020, Girod filed a "Motion to Enforce Settlement Agreement."[41] On February 5, 2020, the Court conducted oral argument on the motion.[42] During the hearing, the parties signed and admitted a modified settlement agreement into the record.[43] On February 6, 2020, the Court entered an Agreed Final Judgment in favor of Girod and against Levy Gardens in the amount of $365,399.18, as of December 17, 2019, with interest continuing accrue after that date at the default rate of twenty-one (21%) percent per annum, or $113.52 per diem on the current

---

[34] *Id*.

[35] Rec. Doc. 172.

[36] Rec. Doc. 173.

[37] Rec. Doc. 174.

[38] *Id*. at 7.

[39] Rec. Doc. 175.

[40] *Id*. at 1 (emphasis original).

[41] Rec. Doc. 176.

[42] Rec. Doc. 188.

[43] Rec. Doc. 188-13.

principal balance, until paid.[44] The Agreed Final Judgment also recognized that Girod is the assignee of and has all of the rights granted to the mortgagee by a Multiple Indebtedness Mortgage ("MIM") that incumbers immovable property as described in the Agreed Final Judgment.[45]

On April 30, 2020, Girod filed the instant "Motion for Judicial Sale of Realty and Order Setting Foreclosure Procedures."[46] On June 8, 2020, Levy Gardens filed an opposition to the motion.[47]

## II. Parties' Arguments

### A.  *Girod's Arguments in Support of the Motion*

Girod moves the Court for the entry of an order setting a judicial sale of realty by the United States Marshal and establishing the procedures for the foreclosure sale of the mortgaged property pursuant to 28 U.S.C. §§ 2001(a) and 2002, and pursuant to the Agreed Final Judgment entered by this Court on February 6, 2020.[48]

In support of the motion, Girod argues that Levy Gardens has not paid the Agreed Final Judgment.[49] Additionally, Girod notes that non-party Heisler Properties, LLC ("Heisler Properties") failed to purchase Girod's rights to the MIM and the Agreed Final Judgment, despite being given an opportunity to do so.[50]

Girod asserts that the MIM grants it the right to have the property seized and sold under

---

[44] Rec. Doc. 190.

[45] *Id.* at 2–3.

[46] Rec. Doc. 192.

[47] Rec. Doc. 194.

[48] Rec. Doc. 192 at 1.

[49] Rec. Doc. 192-1 at 2.

[50] *Id*.

6

ordinary or executory process in accordance with Louisiana law, to the highest bidder, with or without appraisement.[51] To ensure the preservation of its rights to pursue any deficiency from Levy Gardens that may still be owed after a foreclosure sale, Girod seeks to have the property sold by a judicial sale, with appraisal, pursuant to the provisions of 28 U.S.C. §§ 2001(a) and 2002.[52]

Girod requests that the Court require each of Girod and Levy Gardens to submit a qualifying appraisal for the property to the United States Marshal no later than 21 days before the date set for the public sale, and direct the United States Marshal to appoint an appraiser for any party that fails to submit a "qualifying appraisal" by that deadline.[53] For purposes of this motion and the Court's Order, Girod submits that a "qualifying appraisal" should mean "an appraisal of the property: prepared by a non-party that has experience in valuing real estate and who takes an oath to make a true and just appraisal of the property; that is reduced to writing; that is signed; and that is delivered to the United States Marshal at least 21 days before the date set for the public sale."[54]

Girod requests that the Court's Order establish that the opening bid for the Property at the United States Marshal's first foreclosure sale is two-thirds (2/3) of the "Appraised Value" of the property, and that the United States Marshal reset the property for a second sale with no minimum bid if no one submits the minimum bid at the first sale.[55] Girod also requests that the "Appraised Value" be defined as follows: (1) if the value assigned by the lower of the Qualifying Appraisals

---

[51] *Id*. at 6.

[52] *Id*.

[53] *Id*. at 7.

[54] *Id*.

[55] *Id*. at 7–8.

is at least 90% of the value assigned to the higher Qualifying Appraisal, and not more than $250,000.00 less than the higher Qualifying Appraisal, then the United States Marshal shall average the two figures and use the average as the Appraised Value for purposes of determining the opening bid; or (2) if the value assigned by the lower of the Qualifying Appraisals is not at least 90% of the value assigned to the higher Qualifying Appraisal, or the difference between the two Qualifying Appraisals exceeds $250,000.00, then the United States Marshal shall appoint a new appraiser to determine a value of the property, whose decision on value shall be the Appraised Value for purposes of determining the opening bid.[56]

Finally, Girod proposes 14 terms and conditions for the sale of the property: (1) that the property be sold free and clear of any liens, mortgages, or encumbrances; (2) that the United States Marshal issue a Notice of Seizure to the Orleans Parish Clerk of Court, Land Records Division and a timely return setting forth the details of the sale; (3) that services of notice be made on counsel for Levy Gardens; (4) that the foreclosure sale occur at the United States District Court for the Eastern District of Louisiana no later than 60 days after the entry of the order or the date the building is reopened to the public; (5) that Girod and Levy Gardens submit Qualifying Appraisals to the United States Marshal no later than 21 days before the date of the public sale; (6) that the opening bid for the property at the first sale be two-thirds of the "Appraised Value"; (7) that the "Appraised Value" be determined as set forth above; (8) that any potential bidder other than Girod deliver a certified check or cash in the amount of $10,000 to the United States Marshal before bidding begins; (9) that the successful bidder be required to deposit with the United States Marshal a minimum of ten percent of the amount bid on the date of the sale; (10) that the balance of the purchase price be tendered to the United States Marshal by the successful

---

[56] *Id*. at 8.

bidder within seven days following the date of sale; (11) that the United States Marshal shall have free access to the premises pending the sale; (12) that the sale be subject to confirmation by this Court by ex parte motion, and upon confirmation and receipt of the full purchase price of such sale, the United States Marshal shall execute and deliver a deed, conveying the property sold to the successful purchaser free and clear of all liens and encumbrances inferior to the MIM; (13) that out of the proceeds of the sale, after payment of expenses of the United States Marshal, Girod be paid in accordance with the order of its lien, rank, preference, and priority over all other inferior lienholders and amount of its claim, together with interest and costs, that the amount realized from such sale be credited "pro tanto" upon the amount awarded by the Agreed Final Judgment; and (14) that Girod be entitled to collect from Levy Gardens, and any guarantors of Levy Gardens' indebtedness, the amount of any deficiency as a result of the foreclosure sale.[57]

### B.     *Levy Gardens' Arguments in Opposition to the Motion*

In opposition, Levy Gardens concedes that the judgment has not been paid.[58] Levy Gardens states that Heisler Properties wants to buy the note, but it does not have the funds.[59] Levy Gardens states that it cannot support the "fraud" of Girod, and would prefer to pay the Department of the Treasury or deposit the money in the Court's registry.[60] However, Levy Gardens states that it leaves the matter to the Court's discretion.[61]

---

[57] *Id*. at 8–12.

[58] Rec. Doc. 194 at 1.

[59] *Id*.

[60] *Id.*

[61] *Id*.

### **III. Law and Analysis**

Judicial sales of realty in federal court are governed by 28 U.S.C. §§ 2001 and 2002. Pursuant to 28 U.S.C. § 2001(a):

> Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs.

Pursuant to 28 U.S.C. § 2001(a): A public sale of realty requires that notice be published in a newspaper of general circulation in the area where the realty is situated for four weeks before the sale in a newspaper of general circulation in the state or judicial district.[62] The statutes vest a district court with broad discretion in directing the terms and conditions of a judicial sale.[63]

Girod moves the Court for the entry of an order setting a judicial sale of realty by the United States Marshal and establishing the procedures for the foreclosure sale of the mortgaged property pursuant to 28 U.S.C. §§ 2001(a) and 2002, and pursuant to the Agreed Final Judgment entered by this Court on February 6, 2020.[64] Girod proposes 14 terms and conditions for the sale of the property.[65] In opposition, Levy Gardens concedes that the judgment has not been paid.[66] Levy Gardens states that it leaves the matter to the Court's discretion.[67]

It is undisputed that Girod is the assignee of and has all of the rights granted to the

---

[62] 28 U.S.C. § 2002.

[63] *See E.N. Bisso & Son, Inc. v. DONNA J. BOUCHARD M/V*, Case No. 19-14666 (E.D. La. Mar. 11, 2020) (J. Morgan), 2020 WL 1180728 (a trial judge has "expansive discretion with respect to judicial sales.").

[64] Rec. Doc. 192 at 1.

[65] Rec. Doc. 192-1 at 8–12.

[66] Rec. Doc. 194 at 1.

[67] *Id*.

mortgagee by a MIM that incumbers immovable property as described in the Agreed Final Judgment.[68] It is also undisputed that Levy Gardens has not paid the sums owed to Girod under the Agreed Final Judgment.[69] Considering the motion and for good cause shown, the Court will set a judicial sale for the property incumbered by the MIM. Notice shall be published in The Times-Picayune/New Orleans Advocate once a week for four weeks before the sale. The Court finds the conditions for the sale set forth by Girod to be reasonable. Additionally, the Court notes that Levy Gardens did not object to the requested conditions. A subsequent order will issue setting forth the conditions for the sale as requested by Girod. Accordingly,

**IT IS HEREBY ORDERED** that the "Motion for Judicial Sale of Realty and Order Setting Foreclosure Procedures"[70] is **GRANTED**.

**NEW ORLEANS, LOUISIANA,** this  10th  day of August, 2020.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[68] Rec. Doc. 190 at 2–3.

[69] Rec. Doc. 194 at 1.

[70] Rec. Doc. 192.